# Richmond

HENRY W. HORN v. JARVIE HORN.

May 3, 1954.

Record No. 4187.

Present, All the Justices.

The opinion states the case.

*S. H. & George C. Sutherland*, for the appellant.

*F. H. Combs*, for the appellee.

EGGLESTON, J., delivered the opinion of the court.

In June, 1952, on motion of Henry W. Horn, an authenticated copy of the will of Arch Horn which had theretofore been admitted to probate in the Clerk's Office of the County Court of McDowell county, West Virginia, was admitted to probate in the Clerk's Office of the Circuit Court of Buchanan county, Virginia, the latter order of probate reciting that the "decedent owned valuable real estate in this county."

In the following October, Jarvie Horn, acting under Code, § 64-74, and alleging that he was "a person interested," appealed to the Circuit Court of Buchanan county from the order of the clerk of that court admitting the copy of the will to probate. In pursuance of that section the clerk entered an order allowing such appeal and docketed it as a preferred cause for trial at the next term of court.

On the day of trial the proponent, Henry W. Horn, who had been duly notified of the appeal, appeared by counsel but offered no evidence. Thereupon the court entered an order denying probate of the will and directing that the copy which had been theretofore recorded in the clerk's office of that court be "expunged from the records."

Upon evidence adduced by him the court further "adjudged and ordered" that Jarvie Horn was "a *bona fide* purchaser for value without notice" from the heirs of the decedent, Arch Horn, of certain lands lying in Buchanan county.

Shortly thereafter Henry W. Horn, the proponent of the will, filed a written motion asking the court to set aside its order denying probate and to dismiss the appeal from the clerk's order of probate, on the ground that no such appeal was authorized by Code, § 64-74. In that motion objection was also made to the terms of the order in so far as it adjudicated the rights of Jarvie Horn in the property in Buchanan county which he had purchased

from the heirs of the decedent, Arch Horn. From an order overruling the motion to dismiss the appeal and refusing to modify the previous order this appeal has been taken.

The main contention of the appellant proponent, Henry W. Horn, is that an appeal does not lie under Code, § 64-74, from an order of a clerk admitting to probate a copy of a will theretofore probated in another State. Or, to put the matter another way, the appellant says that the provisions of · section 64-74, authorizing an appeal from a clerk's order of probate, apply only to the probate of a domestic will.

Prior to 1904 clerks of courts had no jurisdiction to admit wills to probate in this State. Sections 2533 and 2536 of the Code of 1887 conferred the jurisdiction of probate of a domestic will and a copy of a foreign will, respectively, upon certain courts of the Commonwealth.

Section 101 of the Constitution of 1902 authorized the General Assembly to confer "upon the clerks of the several circuit courts" jurisdiction to admit wills to probate. As amended in 1928, this section was broadened to authorize the conferring of such jurisdiction "upon the clerks of the several courts having probate jurisdiction."

In the meantime section 2533 of the Code of 1887 had been amended by Acts of 1902-03-04, ch. 438, p. 673, to confer probate jurisdiction upon the clerks of certain courts. As further amended, this section is now section 64-72 of the Code of 1950.

By Acts of 1902-03-04, ch. 255, p. 386, clerks of the circuit courts were given the authority, among other powers, to "admit wills to probate," with an appeal of right to "any person interested" to the court whose clerk had entered the order of probate. This act directed that the clerk keep an order book in which should be entered all orders made by him respecting such matters, and specified how and when an appeal might be taken from such clerk's order of

probate. As further amended, this act was carried into sections 64-73 and 64-74 of the Code of 1950.

Section 2536 of the Code of 1887, providing for the probate of a copy of a foreign will, was amended by Acts 1906, ch. 69, p. 62, to extend the jurisdiction of probate to "the court or the clerk." As amended, this is now section 64-88 of the Code of 1950.

The question which is here presented involves the correct interpretation of sections 64-72, 64-73, 64-74, and 64-88, which are copied in the margin.[1]

It will be observed that section 64-72 confers jurisdiction of probate upon certain courts, their clerks and deputy clerks, and fixes the venue of probate.

---

[1] "§ 64-72. *Jurisdiction of probate of wills.*—The circuit and corporation courts of the Commonwealth, and the clerks of such courts, and the duly qualified deputies of such clerks, and the clerks of all other courts having jurisdiction of the probate of wills, shall have such jurisdiction according to the following rules: In the county or corporation wherein the decedent has a mansion house or known place of residence; if he has no such house or known place of residence, then in a county or corporation wherein any real estate lies that is devised or owned by the decedent; and if there be no such real estate, then in the county or corporation wherein he dies or a county or corporation wherein he has estate; provided, however, that in the city of Richmond the Chancery Court and the Hustings Court, Part Two, of such city, and the clerks of such courts and their duly qualified deputies shall have such jurisdiction which shall be exercised within their respective territorial jurisdictions as defined by law and in the manner heretofore provided by law."

"§ 64-73. *Clerks may probate wills, appoint appraisers or administrators, qualify executors, etc.*—The clerk of any circuit or corporation court, or the clerks of the Chancery Court or the Hustings Court, Part Two, of the city of Richmond, or the clerk of any other court having jurisdiction of the probate of wills, other than the clerks of the circuit court and the several corporation courts of the city of Richmond with the exception of the Chancery Court and the Hustings Court, Part Two, within their respective territorial jurisdictions as defined by law, or any duly qualified deputy of any such clerks, may appoint appraisers of estates of decedents, admit wills to probate, appoint and qualify executors, administrators and curators of decedents, and require and take from them the necessary bonds in the same manner and with like effect as the court could do if in session. Such powers and duties may be exercised and discharged as well during the sessions of the court as at other times.

"Such clerk shall keep an order book, in which shall be entered all orders made by him, or his deputy, respecting the subjects aforesaid.

"All wills heretofore admitted to probate by any duly qualified deputy

Section 64-73, in addition to conferring upon clerks and their deputies the authority to "admit wills to probate," directs that, "Such clerk shall keep an order book, in which shall be entered all orders made by him, or his deputy, respecting the subjects aforesaid."

Section 64-74 gives "Any person interested" an appeal of right from the clerk's or deputy clerk's order of probate "to the court whose clerk, or deputy, has made the order," and specifies when and how the appeal shall be perfected and when and how the "cause" shall be heard and determined by the court.

clerk of any court of competent jurisdiction shall be deemed to have been properly admitted to probate to the same extent as if the clerk had acted in the proceeding."

"§ 64-74. *Appeal from order of clerk.*—Any person interested may, within six months after the entering of such an order, appeal therefrom as a matter of right, without giving any bond, to the court whose clerk, or deputy, has made the order. Upon application being made for such appeal, the clerk or deputy shall enter forthwith in his order book an order allowing such appeal, and docket the same as a preferred cause for trial at the next term of the court. The court at any term shall hear and determine the matter as though it had been presented to the court in the first instance, and shall cause a copy of the order on the order book of the court embracing its final action to be copied by the clerk, or deputy, into his order book. At any time after such appeal is allowed the court, or the judge thereof in vacation, may make any such order for the protection of the parties interested or for the protection or preservation of any property involved as might have been made had the matter been originally presented to the court, or as may seem needful."

"§ 64-88. *Probate of copy of will proved without the State; to what extent admitted to probate.*—When a will relative to an estate within this State has been proved without the same, an authenticated copy thereof and the certificate of probate thereof may be offered for probate in this State. When such copy is so offered, the court or the clerk thereof to which it is offered shall presume, in the absence of evidence to the contrary, that the will was duly executed and admitted to probate as a will of personalty in the State or country of the testator's domicile and shall admit such copy to probate as a will of personalty in this State. And if it appear from such copy that the will was proved in the foreign court of probate to have been so executed as to be a valid will of lands in this State by the law thereof, such copy may be admitted to probate as a will of real estate. The probate of any such copy of a will before any such clerk shall have the same legal operation and effect as if such copy had been admitted to probate by the court."

Section 64-88 confers upon "the court or the clerk" jurisdiction to admit to probate "an authenticated copy" of a will "relative to an estate within this State" which has been "proved" in a foreign jurisdiction. It will be noted that this section does not fix the venue for the entry of the order of probate, and accordingly, such venue is governed by Code, § 64-72. For example, in the present case, the order of the clerk of the Circuit Court of Buchanan county admitting the will to probate based its venue upon the recital that the decedent "owned valuable real estate in this county."

Section 64-88 carries no directions to the clerk or his deputy for the keeping of an order book and the entry therein of the order of probate of a foreign will. Hence, we look to Code, § 64-73, for such directions.

Similarly, while section 64-88 carries no provision for an appeal from the clerk's order of probate, we look to section 64-74 which gives the right of appeal from "such an order." The words "such an order," we think, include any order entered by the clerk or his deputy in the performance of the duties authorized by section 64-73, and in the manner therein directed, whether it relates to the probate of a domestic will under the authority of that section, or to the copy of a foreign will under the authority of section 64-88.

Thus, when sections 64-72, 64-73, 64-74 and 64-88 are read together they embrace a comprehensive plan conferring jurisdiction for the probate of wills upon the courts, their clerks, and their deputy clerks, fixing the venue of probate, and, where the order of probate has been entered by the clerk or a deputy, giving an appeal of right to the court whose clerk or deputy entered the order, and specifying when and how such appeal shall be taken and disposed of.

We are of opinion that the motion to dismiss the appeal from the clerk's order of probate was properly denied.

In terms, section 64-74 provides that on an appeal from a clerk's order of probate the court "shall hear and

determine the matter as though it had been presented to the court in the first instance," that is, the cause shall be heard *de novo*. Since the appellant proponent offered no evidence as to the validity of the execution of the will, the trial court properly denied probate of it and directed that the recorded copy be expunged from the records.

We have many times pointed out that in a probate proceeding the sole issue is whether the paper offered for probate is or is not the will of the decedent. When this question is decided the function of the proceeding is exhausted, and the court should not decide other questions not connected with that issue. 20 Mich. Jur., Wills, § 59, p. 215, and cases there cited. Consequently, the lower court was without jurisdiction to adjudicate and determine, as it purported to do in the order entered on February 10, 1953, that Jarvie Horn, the appellee, was a *bona fide* purchaser for value without notice from the heirs of the decedent, Arch Horn, of certain lands lying in Buchanan county.

An order will be here entered modifying the order of that date by eliminating such adjudication, and as so modified, the order appealed from will be affirmed. The appellee having substantially prevailed on this appeal will recover his costs.

*Modified and affirmed.*