# Richmond

## Samuel W. Eason, Jr., Et Al. v. Camillus Eason, Et Al.

June 10, 1963.

Record No. 5573.

Present, Eggleston, C. J., and Spratley, Buchanan, I'Anson and Carrico, JJ.

The opinion states the case.

*George E. Allen* (*Allen, Allen, Allen & Allen,* on brief), for the appellants.

*James N. Garrett* (*James N. Garrett, Jr.,* on brief), for the appellees.

CARRICO, J., delivered the opinion of the court.

This appeal is a sequel to the case of *Eason* v. *Eason,* 203 Va. 246, 123 S. E. 2d 361, in which we considered the question of the validity of the will of Mary Frances Eason, deceased. In that case, James L. Eason, a surviving brother of Mary Frances Eason, and Samuel W. Eason and Robert R. Eason, her nephews, the sons of a deceased brother, had appealed the clerk's order of probate (Code, § 64-74) and had unsuccessfully contended in a jury trial that she was incompetent to make a will. There we affirmed a final decree approving the jury's verdict that the will was valid.

Following the decision of the trial court in the will contest case, the nephews, who will be called the complainants, instituted this cause by filing a bill of complaint against Camillus F. Eason, and others, who were the executors, legatees and devisees under the will and who will be called the defendants. The bill prayed for the specific performance of "agreements," allegedly made by Miss Eason during her lifetime, to devise her property to the complainants.

The defendants filed answers to the bill and then, following our decision in the will contest case, with leave of court, filed a "Special Plea of Res Adjudicata," upon the sole ground that the earlier decision had adjudicated that the complainants had released Miss Eason from her agreement to devise. The chancellor sustained the special plea and dismissed the bill. We granted the complainants an appeal from a final decree embodying the court's ruling.

The proceedings and evidence in the will contest case, which were before the chancellor on the defendant's special plea in this cause, are set out in detail in our opinion, reported as above. For convenience, pertinent features of the evidence will be recited here.

Miss Eason, by her will, disposed of a sizeable estate consisting of both realty and personalty. To her nephews, the complainants, she bequeathed only the sum of $5.00 each. After devising one hundred acres of land to the defendant, Camillus F. Eason, a distant cousin,

and making other minor bequests, she left the remainder of her estate to charitable institutions.

Prior to 1955, relations between Miss Eason and her nephews had been pleasant. In that year, fearful that she would be sued and her property thereby placed in jeopardy, upon the suggestion of the nephews, she conveyed her property to them by deed of May 2, 1955, reserving a life estate and the right to harvest all growing crops. Later, in March, 1956, she conveyed to the nephews the timber on the land, receiving the nephews' promissory notes therefor.

A dispute over the timber soon arose between Miss Eason and the nephews and she filed a bill of complaint against them seeking a reconveyance of the land. That suit was compromised and, as a part of the settlement, the nephews reconveyed the land to Miss Eason and she agreed that she would execute a will devising the land to them.

Following this settlement, Miss Eason wrote her nephews demanding to be released from her agreement to devise her property to them. Such releases were executed, the first by Robert Eason on October 22, 1957, and the other by Samuel Eason on November 11, 1957.

Miss Eason's will was executed on October 26, 1959, three days before her death. As has been noted, except for the $5.00 legacies, she did not leave her property to her nephews. They say, in their bill, that they are entitled to have her property conveyed to them, "in performance of the agreements of . . . Mary Frances Eason."

The complainants contend that the first suit is not res judicata of the issues raised by their bill because the sole question determined in the earlier proceeding was the competency of Miss Eason to make a will. They argue that the question of her "agreements" to devise her land to them was not, and could not have been, thereby decided.

The defendants, on the other hand, say that since the complainants introduced into evidence the releases of the agreement to devise and testified as to their purport at the other trial, they thus made the releases a germane issue "essentially concerned with the ultimate issue in the will case." The defendants then argue that the earlier proceeding adjudicated the "fact and scope" of the releases and that such determination is res judicata of the complainants' present suit.

At the outset, it might be well to restate the principles of res judicata. They are fully set forth in *Kemp* v. *Miller*, 166 Va. 661, 674, 675, 186 S. E. 99, as follows:

" 'When the second suit is between the same parties as the first,

and on the same cause of action, the judgment in the former is conclusive of the latter, not only as to every question which was decided, but also as to every other matter which the parties might have litigated and had determined, within the issues as they were made or tendered by the pleadings, or as incident to or essentially connected with the subject matter of the litigation, whether the same, as a matter of fact, were or were not considered. As to such matters a new suit on the same cause of action cannot be maintained between the same parties. . .'

"This doctrine does not apply, however, where the second action between the same parties is upon a different claim or demand.

" '. . . [W]here the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action; not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action.' "

In the case before us, we find that the cause of action asserted in the present suit is not the same as was involved in the will contest case. Here, the complainants seek a conveyance of Miss Eason's property through a bill for specific performance of an agreement to devise the property to them. In the prior proceeding, they, together with their uncle, sought to obtain her property, as her heirs at law, by attempting to have her will, which directed the property to others, declared invalid.

In order, therefore, for the decree in the will case to be conclusive of the issues in the present suit, it must appear by the record of the prior litigation that the question of the effect of the releases was "actually litigated and determined," that is, that the verdict in favor of the validity of the will could not have been rendered without deciding such effect.

We find that the record of the prior litigation discloses that these elements do not exist.

In the first place, the question of the effect of the releases was not "actually litigated and determined" in the other case. The sole issue

presented to the jury, as stated in our opinion, "related to the mental competency of the testatrix." The jury decided only that the will in dispute was Miss Eason's "true last will and testament," because it found that she was mentally competent. The trial court's final decree merely approved that verdict.

The principal question with which we were concerned, on appeal, was whether the evidence was sufficient to sustain the jury's verdict. In deciding that question, we did not make any ruling with regard to the releases. The fact that the releases were executed by the complainants was merely included, in our earlier opinion, in a recitation of the evidence which was presented to the jury.

Secondly, the question of the effect of the releases could not have been decided in the first case. The proceeding in the prior case was conducted pursuant to Code, § 64-74. This Code section provides a simple process for appeal from clerks' orders in probate matters. It is purely a statutory proceeding in which, as was said in *Horn* v. *Horn*, 195 Va. 912, 918, 81 S. E. 2d 593, "the sole issue is whether the paper offered for probate is or is not the will of the decedent. When this question is decided the function of the proceeding is exhausted, and the court should not decide other questions not connected with that issue."

Moreover, we think it is clear that the jury could have reached its verdict in favor of the validity of the will without deciding the question of the effect of the releases. As has been noted, the sole issue before the jury was whether Miss Eason was competent on October 26, 1959, when she made her will. Whether she was then competent did not depend, in any degree, upon whether or not she had been released from the agreement to devise her property to her nephews.

We are of opinion, therefore, that the chancellor erred in sustaining the plea of res judicata.

In oral argument before us, the defendants urged us to affirm the decision of the chancellor, even if we should be of opinion that the special plea was improperly sustained. The defendants argument was that the complainants are estopped to assert their present suit because they are guilty of inconsistent conduct in that they introduced into evidence and vouched the releases in the first case, and now seek to avoid their effect by claiming that the agreement to devise is, nonetheless, still alive.

The defendants say that they pleaded such estoppel in paragraph

9 of their answer and it is, therefore, proper for us to consider and sustain this defense and to uphold the trial court's decision on this ground.

We do not hesitate, in a proper case, where the correct conclusion has been reached but the wrong reason given, to sustain the result and assign the right ground. *Richmond* v. *Grand Lodge*, 162 Va. 471, 475, 174 S. E. 846; *Hogg* v. *Plant*, 145 Va. 175, 182, 133 S. E. 759.

But we are unable to follow this course in this case. To do so, we would have to do more than just give a different but correct reason for affirming. It would be necessary to recognize and uphold a different defense—a defense that is not before us on this appeal.

The defense of estoppel because of inconsistent conduct, based upon the releases, was not properly asserted in the pleadings. It is true that, in paragraph 9 of their answer, the defendants allege that the complainants are estopped to assert the cause of action set forth in the bill. However, the only reason assigned therefor is that in the will case the complainants contended that Miss Eason was incompetent during the time in question, while in the present suit they say she was competent and, in fact, made a valid contract to devise her land to them. No mention is made in paragraph 9, or elsewhere in the answer, of the releases with reference to the defense of estoppel.

Further, it does not appear from the record in the present suit that the defense of estoppel, whether based upon the competency question or upon the releases, was ever brought to the attention of the chancellor, that it was ever argued before him, or that he was ever called upon, in any manner, to rule thereon.

Under these circumstances, we will not, at this time and in this appeal, determine whether the complainants have taken inconsistent positions with regard to the releases in the two proceedings with which we have thus far been concerned. *Womble* v. *Gunter*, 198 Va. 522, 528, 95 S. E. 2d 213. *Stevens* v. *Mirakian*, 177 Va. 123, 129, 12 S. E. 2d 780, 1 Mich. Jur., Appeal and Error, § 242, p. 661.

In accordance with the views expressed herein, the decree will be reversed and the cause remanded for further proceedings.

*Reversed and remanded.*