DENNIS L. SATEREN

V.

MONTGOMERY WARD AND COMPANY, INC.

Record No. 841590

November 25, 1987

Present: All the Justices

*Robert E. Long (David N. Montague; Montague, Montague and Long,* on brief), for appellant.

*Richard B. Donaldson, Jr. (Jones, Blechman, Woltz & Kelly, P.C.,* on brief), for appellee.

PER CURIAM.

This is an appeal in a libel action brought by Dennis L. Sateren against Montgomery Ward and Company, Inc. In his motion for judgment, Sateren alleged an agent of Montgomery Ward had falsely represented that Sateren owed the company $921.83, causing him embarrassment, emotional distress, and financial loss, as well as damage to his credit and his standing in the community. In a jury trial, the court struck Sateren's evidence and entered judgment for Montgomery Ward.

The libel action was filed on February 23, 1982. On November 21, 1979, the General District Court of the City of Hampton had dismissed with prejudice a civil warrant brought by Montgomery Ward against Sateren seeking to recover $908.21 on open account.[1]

In the meantime, Montgomery Ward had continued to press Sateren for payment. It placed the claim with a collection agency "as a charge-off," meaning that the account was "noncollectible."

In 1981, Sateren and his wife decided to purchase a new home, and they selected one in the $56,000 to $58,000 price range. The real estate agent handling the transaction "ran a credit check" on Sateren. The credit agency's report showed that Montgomery Ward was still carrying a past due amount of $921 in Sateren's name, with a rating of "R-9." A legend accompanying the report defined an R-9 rating as a "[b]ad debt, placed for collection; suit; judgment; bankruptcy; skip." Testimony showed that an R-9 rating is "the lowest one" which can be assigned.

---

[1] The difference between the $908.21 figure involved in the district court proceeding and the $921.83 amount involved in the libel action represents finance charges added by Montgomery Ward.

The report caused the real estate agent to advise Sateren he could not qualify for financing on his new home unless Montgomery Ward changed the rating. Sateren called on James R. Turner, Montgomery Ward's credit manager, and asked him to change the rating. Turner refused. The Saterens abandoned the purchase of the home they had selected and bought a less-expensive one with assumable financing.

In considering Montgomery Ward's motion to strike Sateren's evidence, the trial court stated that because Sateren's action was for libel per quod rather than libel per se, he had the burden of showing "actual malice . . . and . . . actual damages." The court held that Sateren had shown "no damages" and struck his evidence.

■ On appeal, Montgomery Ward correctly makes an important concession in light of our decision in *Fleming* v. *Moore*, 221 Va. 884, 275 S.E.2d 632 (1981), a case involving, as here, a private plaintiff in a libel action against a non-media defendant. Montgomery Ward agrees that "it is not necessary to show actual out of pocket damage in [a] non libel per se action" and that "a showing of loss of reputation and standing in the community, embarrassment, humiliation, and mental suffering will be sufficient for the award of damages."[2]

■ Thus, it is obvious that the trial court based its finding of "no damages" upon erroneous principles. Montgomery Ward argues, however, that we can yet affirm the judgment by following the rule that "in a proper case, where the correct conclusion has been reached but the wrong reason given, [we will] sustain the result and assign the right ground." *Robbins* v. *Grimes*, 211 Va. 97, 100, 175 S.E.2d 246, 248 (1970); *Eason* v. *Eason*, 204 Va. 347, 352, 131 S.E.2d 280, 283 (1963).

■ We do not think, however, that this is a "proper case" for application of the "right result, wrong reason" rule. While Montgomery Ward states that the trial court assigned several reasons

---

[2] Montgomery Ward also concedes that in light of *The Gazette* v. *Harris*, 229 Va. 1, 325 S.E.2d 713, *cert. denied*, 472 U.S. 1032 (1985), decided after the present case was decided below, Sateren, as a private plaintiff suing a non-media defendant, is not required to show actual malice but is entitled to recover upon a showing that Montgomery Ward published false information knowing it was false when published or, believing it to be true, lacked reasonable grounds for such belief. 229 Va. at 15, 325 S.E.2d at 724-25. *Gazette* lists another ground for recovery, *viz.*, that the defendant "acted negligently in failing to ascertain the facts on which the publication was based." *Id.*

for its decision other than the "no damages" basis, we read the court's opinion as confining the decision to that ground.

■ Furthermore, the opinion can as well be read as a rejection of any other basis for the decision, and, in that case, we could not consider another reason in the absence of a cross-assignment of error filed by Montgomery Ward. Finally, we are reluctant to follow the "right conclusion, wrong reason" rule here because not only has the damage question been decided upon erroneous principles but the liability question as well. *See* n.2. We think Sateren is entitled to another day in court and to have his case tried according to correct principles, win or lose.

Accordingly, we will reverse the judgment of the trial court and remand the case for a new trial on all issues.

*Reversed and remanded.*