**Alexandria**

RICHARD HENRY DRISCOLL

v.

COMMONWEALTH OF VIRGINIA

No. 0436-90-4

Decided May 19, 1992

450

COUNSEL

James F. Buttery, Jr. (Whitestone, Brent, Young & Merril, P.C., on brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—The appellant appeals from an adjudication that he is an habitual offender. We affirm this determination because, even though the trial court erred in ruling that certain offenses were predicate offenses while others were not, it, nevertheless, reached the correct result. We are able to affirm for this reason because the correct basis was considered by the trial court and the facts supporting it were resolved at trial.

At trial, the Commonwealth introduced evidence of five previous convictions that it contended established that Driscoll was an habitual offender. Driscoll moved to dismiss the proceeding because, first, two of the convictions were for driving on a suspended license, a violation of former Code § 46.1-350 that is no longer recognized by Code § 46.2-351 as a predicate offense for habitual offender purposes and, second, one of the other convictions was for driving under the influence, a second offense within five years, based on an invalid Fairfax County ordinance. Driscoll did not challenge the remaining two convictions; therefore, if any one of the three contested convictions is valid, Driscoll was properly adjudicated an habitual offender as defined by Code § 46.2-351. The Commonwealth took no position regarding the two convictions for

driving on a suspended license. It did, however, contend that the Fairfax County ordinance was valid and that the conviction for driving under the influence should be considered in determining whether Driscoll is an habitual offender. The trial court ruled that the two convictions for driving on a suspended license could not be considered in determining Driscoll's status as an habitual offender but that the conviction for driving under the influence in violation of the Fairfax County ordinance was properly considered. Consequently, it found that Driscoll was an habitual offender.

After the trial court's decision, this Court addressed both of these issues in other cases. In the first, *Hoye v. Commonwealth*, 12 Va. App. 587, 405 S.E.2d 628 (1991), we held that a conviction for driving on a suspended license in violation of former Code § 46.1-350 is now recognized under Code § 46.2-301 (driving while license . . . suspended), a violation of which is properly considered as a predicate for determining habitual offender status. In the second, *Commonwealth v. Holtz*, 12 Va. App. 1151, 408 S.E.2d 561 (1991) (en banc), we concluded that Fairfax County Code § 82-4-17 is invalid and that a second or later conviction for driving while intoxicated in violation of that provision may not be the basis for a determination that one is an habitual offender. *Id.* at 1152, 408 S.E.2d at 562. Our rulings are, therefore, contrary to the rulings of the trial court in this case.

Driscoll contends that because the trial court erred in basing his determination on the invalid Fairfax County ordinance, the adjudication of habitual offender status should be reversed. The Commonwealth contends that, even so, the adjudication should be upheld because the trial court erred in not relying on either of the two convictions of driving on a suspended license. The Commonwealth, in other words, contends that the trial court was right but for the wrong reason.

Driscoll argues that Rule 5A:18 bars the Commonwealth from asserting for the first time on appeal that the trial court erred in not relying on the two convictions of driving on a suspended license. However, we have previously held that Rule 5A:18 does not require an appellee to raise an issue at trial before it may be considered on appeal where the issue is not offered to support *reversal* of a trial court ruling. *Mason v. Commonwealth*, 7 Va. App. 339, 346, 373 S.E.2d 603, 607 (1988). An appellee is subject to the limitations of Rule 5A:18 only where it asserts an error that

seeks to reverse a judgment. *Richardson v. Richardson*, 242 Va. 242, 247 n.3, 409 S.E.2d 148, 151, n.3 (1991); *Langley v. Meredith*, 237 Va. 55, 61-62, 376 S.E.2d 519, 522-23 (1989); *Harbour Gate Owners' Ass'n, Inc. v. Berg*, 232 Va. 98, 109, 348 S.E.2d 252, 259 (1986). The question we must address, therefore, is whether we may apply the right for the wrong reason rationale to affirm the judgment in this case.

■ An appellate court may affirm the judgment of a trial court when it has reached the right result for the wrong reason. *Morrison v. Bestler*, 239 Va. 166, 175 n.2, 387 S.E.2d 753, 759 n.2 (1990) (Poff, J., dissenting). Although this rule applies in criminal cases, *Frye v. Commonwealth*, 231 Va. 370, 389, 345 S.E.2d 267, 281 (1986), the Commonwealth cannot use it as a subterfuge for a constitutionally prohibited cross-appeal. *Hart v. Commonwealth*, 221 Va. 283, 290, 269 S.E.2d 806, 810 (1980). The same principle is also applicable in civil cases. *Davis v. American Interinsurance Exchange*, 228 Va. 1, 5, 319 S.E.2d 723, 725 (1984) (per curiam).

■ The rule does not always apply. It may not be used if the correct reason for affirming the trial court was not raised in any manner at trial. *Eason v. Eason*, 204 Va. 347, 352, 131 S.E.2d 280, 283 (1963). In addition, the proper application of this rule does not include those cases where, because the trial court has rejected the right reason or confined its decision to a specific ground, further factual resolution is needed before the right reason may be assigned to support the trial court's decision. *Sateren v. Montgomery Ward & Co.*, 234 Va. 303, 306, 362 S.E.2d 324, 326 (1987). For example, in this case, if Driscoll's identity as the person who was convicted for driving on two occasions on a suspended license had not been factually resolved, the rule could not be applied.

However, in this case, evidence of Driscoll's convictions of driving on a suspended license was introduced, and the Commonwealth established through examination of Driscoll, as an adverse witness, that he was the person who was convicted for these offenses. Driscoll chose to present no evidence. No disputed facts have to be resolved to accept the Commonwealth's position.

Therefore, we hold that the trial court was correct, although for

the wrong reason, in declaring Driscoll an habitual offender. The judgment is affirmed.

*Affirmed.*

Coleman, J., and Duff, J., concurred.