COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Elder and Overton
Argued at Richmond, Virginia


LEON A. WALKER

                           MEMORANDUM OPINION* BY
v.        Record No. 2224-96-2    JUDGE NELSON T. OVERTON
                             JULY 22, 1997
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
James A. Luke, Jr., Judge

Brad P. Butterworth (Butterworth & Waymack,
on brief), for appellant.

Marla Graff Decker, Assistant Attorney
General (James S. Gilmore, III, Attorney
General, on brief), for appellee.


Leon Walker was convicted in a bench trial of possession of cocaine in violation of § 18.2-250. He appeals, contending that the trial court erred in denying his motion to suppress the evidence. For the following reasons, we affirm his conviction.

The parties are fully conversant with the record in the cause, and because this memorandum opinion carries no precedential value, no recitation of the facts is necessary.

At a suppression hearing, Walker claimed that the police officer had conducted an illegal stop and search of his person. The trial judge denied his motion to suppress the evidence on the ground that the community caretaker exception applied. Walker appeals that decision. While we agree that the trial judge erred

---

*Pursuant to Code § 17-116.010 this opinion is not designated for publication.

in applying the community caretaker exception, we find that the encounter between the police officer and Walker was consensual and that the evidence was properly admitted.

"[C]haracterizing every street encounter between a citizen and the police as a 'seizure,' while not enhancing any interest secured by the Fourth Amendment, would impose wholly unrealistic restrictions upon a wide variety of legitimate law enforcement practices." United States v. Mendenhall, 446 U.S. 544, 555 (1980). "As long as the person to whom questions are put remains free to disregard the questions and walk away, there has been no intrusion upon that person's liberty or privacy as would under the Constitution require some particularized and objective justification." Id. The facts must demonstrate "coercion or show of force or authority by the officer . . . that would cause a person . . . reasonably to have believed that he or she was required to comply." Commonwealth v. Satchell, 15 Va. App. 127, 131, 422 S.E.2d 412, 415 (1992). These facts might include the threatening presence of several officers, the display of a weapon, some physical touching, or the use of a tone of voice indicating that compliance with the officer's request might be compelled. See Mendenhall, 446 U.S. at 554. Absent evidence of this type, otherwise inoffensive contact between the officer and the defendant "cannot, as a matter of law, constitute a seizure of that person." Id. at 555.

The facts in the instant case are not sufficient to

constitute a seizure.  The officer approached Walker on a public street and engaged him in benign conversation.  In the course of this conversation he asked if Walker had any illegal contraband in his possession.  Walker said that he did not.  The officer then reiterated that Walker was not under arrest and that he did not have to cooperate in any way, and asked for permission to search Walker.  Walker consented without any questions.

Although Walker testified at the hearing that he did not feel free to leave, "a seizure does not occur whenever an individual senses that police activity has restrained his liberty but occurs 'only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.'"  Greene v. Commonwealth, 17 Va. App. 606, 610-11, 440 S.E.2d 138, 141 (1994) (quoting Mendenhall, 446 U.S. at 554).  The officer was alone, did not draw his weapon, and did not threaten Walker.  He testified that he did not touch Walker.  He spoke in a normal tone, and informed Walker several times that he was not under arrest and that he did not have to cooperate.  The evidence further shows that Walker's consent was given freely and voluntarily.  Walker himself testified that he said the officer could "check him" without any hesitation.  These facts do not indicate coercion or show of force such that a reasonable person would have felt that compliance with the officer's requests would be compelled.

Upon review of the record, we find that the motion to

3

suppress was properly denied.  Although the trial judge based his decision on flawed legal reasoning, no further factual resolution is required in order for this Court to reach its conclusion.  We therefore affirm the decision of the trial court because it was the right result, even though based on a wrong reason.  See Driscoll v. Commonwealth, 14 Va. App. 449, 452, 417 S.E.2d 312, 313–14 (1992).

Affirmed.

Benton, J., dissenting.

The evidence proved that the police officer approached Leon A. Walker and informed him that he was trespassing on property owned by the public housing authority. Although the officer testified that he decided that he would only give Walker a warning, his accusation was sufficient to render his detention of Walker a seizure for purposes of the Fourth Amendment. See McGee v. Commonwealth, ___ Va. App. ___, ___, ___ S.E.2d ___, ___ (1997) (en banc) ("The unmistakable message conveyed to the defendant was that the officers . . . were detaining him to investigate his activities.").

Furthermore, the trial judge based his ruling on the decision in Commonwealth v. Waters, 20 Va. App. 285, 456 S.E.2d 527 (1995), and the community caretaking doctrine. When properly applied, that doctrine is stated as follows:

> Local police officers, unlike federal officers, frequently investigate vehicle accidents in which there is no claim of criminal liability and engage in what, for want of a better term, may be described as community caretaking functions, totally divorced from the detection, investigation, or acquisition of evidence relating to the violation of a criminal statute.

Cady v. Dombrowski, 413 U.S. 433, 441 (1973) (emphasis added).

The evidence in this case proved that the officer approached Walker because he suspected that Walker was in violation of the criminal trespass law. He so informed Walker. That conduct is clearly beyond the scope of the community caretaking doctrine.

5

See id.

I would hold that the officer conducted a Terry detention and that the evidence failed to support a reasonable, articulable suspicion that Walker was engaged in criminal conduct. See Terry v. Ohio, 392 U.S. 1, 22 (1968). Accordingly, I would hold that the consent obtained as a result of the illegal detention was "not an independent source of the evidence, but rather was an exploitation of the unlawful [detention]." Commonwealth v. Ealy, 12 Va. App. 744, 757, 407 S.E.2d 681, 689 (1991).