COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judge Frank and
          Senior Judge Coleman*
Argued at Salem, Virginia


WESLEY VERNON SNIDER, III
                                    MEMORANDUM OPINION** BY
v.   Record No. 1539-99-3           JUDGE ROBERT P. FRANK
                                       JANUARY 16, 2001
DIANA LEIGH ASHWORTH SNIDER, N/K/A
 DIANA LEIGH ASHWORTH


            FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
                      Ray W. Grubbs, Judge

          Gordon H. Shapiro (Shapiro & Kurtin, on
          brief), for appellant.

          John S. Huntington for appellee.


     Wesley Vernon Snider, III, (husband) appeals the trial

court's equitable distribution award.  On appeal, he contends

the trial court erred in:  1) finding Diana Ashworth Snider's

(wife) testimony regarding the value of the Vicker Switch Honey

Company (bee business) more persuasive and awarding her a sixty

percent distributive share of the business, 2) valuing the

marital home at $78,000 by finding husband committed waste of

---

     * Judge Coleman participated in the hearing and decision of
this case prior to the effective date of his retirement on
December 31, 2000 and thereafter by his designation as a senior
judge pursuant to Code § 17.1-401.

     ** Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

$7,500 between the date of the parties' separation and the date of the equitable distribution hearing, 3) finding the home was marital property and awarding wife a distributive share of such property, and 4) awarding wife the fair market rental value of the home.

## I.  BACKGROUND

The parties were married on June 29, 1983.  They separated on April 6, 1994.  Since the only issues before this Court are the company and the home, we only recite the facts relevant to those issues.

Husband founded the Vicker Switch Honey Company approximately five years prior to the parties' divorce.  He testified the business was a national and international company. He testified that, at one time, the business had forty hives, which produced a ton of jarred honey.  The business also had the east coast contract to sell a swarm trap to combat killer bees. The business had an inventory of suits, smokers, veils, hats, and other related items.

Husband testified the business was nearly defunct at the time of the parties' separation and had no value.  He stated that mites had attacked the bees and had caused the business to lose "about everything."

Wife testified she was not involved in the operation of the business but that it was not defunct at the time of the parties' separation.  Wife further testified she never had access to the

books for the business. She stated she never knew if the business made a profit. She never saw any of the proceeds from the business.

When asked the value of the business at the time of the separation, wife answered that she did not know. When her attorney asked her to give her "best estimate" she stated, "Fifteen thousand."

The trial court accepted wife's valuation of the business and awarded wife a sixty percent distributive share or $9,000.

Prior to the marriage, husband's father gave him a parcel of land. Before the parties' marriage, a basement was built on the site, and the parties lived in the basement until the upper house was completed. After the marriage, work began on the house. The land remained titled in husband's name.

Husband testified he served as the general contractor for the construction of the house and did much of the work himself. The parties differ on the efforts each provided to the construction of the improvements. Husband claimed he performed sixty to eighty percent of the work. Wife maintained they both worked on the house, as did others. Wife testified she obtained a number of electrical fixtures through her employment and installed them. Husband testified wife did no work on the house.

The initial funding for the basement was a combination of the infusion of separate property and a loan. Wife testified

-

she used $6,000 of her separate funds and husband used between $1,000 and $2,000 of his funds. Additionally, wife testified she borrowed $15,000 for the basement because husband was not employed at that time. This loan for the basement subsequently was rolled into the permanent first deed of trust.

The next loan was a permanent first deed of trust for $57,000. The monthly curtailments were paid from a joint account. The loan balance of $48,341.93 was satisfied on April 21, 1993, from the proceeds of husband's personal injury settlement. There is no dispute that this settlement was husband's separate property.

After satisfying the first deed of trust, the parties borrowed $15,000. Both parties agreed the balance of this loan was $13,946.45 as of April 1, 1994, and $10,594.91 as of July 20, 1995. Husband paid the monthly payment of $296.95.

Wife testified her father gave her approximately $34,000 between the years 1991 and 1994, which she stated she put into the house and marriage. All of these gifts were deposited into a joint account.

Wife testified that while the parties' non-monetary contributions to the marriage were approximately equal, she contributed more cash to the marriage than did husband.

Husband's appraiser, Todd Linkous, appraised the house at $71,000 in its current condition. Mr. Linkous, however, noted the home needed roof repair, cosmetic repair, and the interior

-

and exterior of the home was in need of cleaning and sealing. Linkous estimated the repairs at $7,500. With the repairs, he stated the house would be worth $78,500. The property was assessed, for tax purposes, at $71,800 for the years 1995 through 1997. Wife maintained the value of the property was $78,000. Husband's equitable distribution submission also showed the value as $78,000. The trial court found the fair market value of the home to be $78,000. The trial court included the $7,500 repair estimate, finding the repairs were necessitated during husband's sole post-separation occupancy of the home. The trial court further found that husband should not benefit by his neglect of the property. Husband, in his deposition, acknowledged the interior and exterior of the house needed to be cleaned and sealed. He further admitted he made no repairs to the house but stated he maintained it.

An appraisal further revealed the fair market rental value of the home was $675 per month. Husband exclusively had lived in the house since April 6, 1994, the date of the parties' separation. The trial court awarded wife fifty percent of the marital share of the fair market rental value.

The trial court found the unimproved lot was separate property, although no evidence indicated its value. The court found the house was hybrid property.

-

## II.  ANALYSIS

### A.  Valuation of the Vicker Switch Honey Company

Husband asserts the trial court erred in its valuation of the bee business and its award of sixty percent of the valuation to wife.  We agree.

> "The rule is firmly established in Virginia that a divorce decree based solely on depositions is not as conclusive on appellate review as one based upon evidence heard ore tenus, but such a decree is presumed correct and will not be overturned if supported by substantial, competent and credible evidence."

Collier v. Collier, 2 Va. App. 125, 127, 341 S.E.2d 827, 828 (1986) (citations omitted).[1]  The evidence in this case was taken by deposition, thus, we will not disturb the award of the trial court if it is supported by "substantial, competent and credible evidence."

When wife's attorney asked her the value of the Vicker Switch Honey Company at the time of the parties' separation, she testified that she did not know.  Then, her attorney again asked her to provide her best estimate of the value of the business

---

[1] At issue in this case is the equitable distribution award, which pursuant to Code § 20-107.3(A), the trial court determines "[u]pon decreeing the dissolution of a marriage, and also upon decreeing a divorce from the bond of matrimony, or upon the filing with the court as provided in subsection J of a certified copy of a final divorce decree obtained without the Commonwealth . . . ."  Code § 20-107.3(A).  Because equitable distribution occurs upon decreeing the divorce, we apply the same standard to review the evidence in an equitable distribution award.

-

and she responded, "Fifteen thousand." Wife also testified she was not involved in the operation of the business, never had access to the books for the business, did not know if the business made a profit, and never saw any proceeds from the business. Husband testified the business was nearly defunct at the time of the parties' separation. He testified that while the business had been a national and international business at one time, mites had attacked the bees, which resulted in the business losing "about everything." Husband testified the business had no value at the time of the parties' separation.

The trial court's acceptance of the wife's valuation of the business was not supported by substantial, competent, and credible evidence. Wife testified she was not involved in the business and had no knowledge of the financial status of the business. Further, her testimony indicated that she did not know the value of the business at the time of the separation and she only answered "Fifteen thousand" when again questioned by her attorney as to her "best estimate." Therefore, we find the trial court erred in accepting wife's valuation of the business and remand for redetermination of the award with respect to the business.

B.  The Marital Home[2]

Husband argues the trial court erred in valuing the parties' home at $78,000.  Todd Linkous, the appraiser, valued the home at $71,000 and noted the home needed $7,500 worth of repairs.  The trial court valued the home at $78,000, stating the necessity of the repairs accrued during husband's post-separation occupancy of the property.  The trial court found that husband should not benefit from his neglect of the property.  We agree with the trial court's valuation of the property, but find the trial court was right for the wrong reason in reaching such valuation.

"An appellate court may affirm the judgment of a trial court when it has reached the right result for the wrong reason."  Driscoll v. Commonwealth, 14 Va. App. 449, 452, 417 S.E.2d 312, 313 (1992) (citation omitted).  This rule applies in civil cases.  See id. (citation omitted).  The rule, however, does not always apply:

> It may not be used if the correct
> reason for affirming the trial court was not
> raised in any manner at trial.  Eason v.

---

[2] The first deed of trust on the parties' marital home was satisfied by proceeds from husband's personal injury settlement. "Separate property does not by its express terms include personal injury settlements."  Thomas v. Thomas, 13 Va. App. 92, 94, 408 S.E.2d 596, 598 (1991).  Instead, because of the presumption favoring marital property, the party who claims the settlement is separate property bears the burden of proving the settlement is separate property.  See id.  In this case, the parties agreed that husband's personal injury settlement was separate property.  We, therefore, do not address this issue.

-

> Eason, 204 Va. 347, 352, 131 S.E.2d 280, 283
> (1963). In addition, the proper application
> of this rule does not include those cases
> where, because the trial court has rejected
> the right reason or confined its decision to
> a specific ground, further factual
> resolution is needed before the right reason
> may be assigned to support the trial court's
> decision. Sateren v. Montgomery Ward & Co.,
> 234 Va. 303, 306, 362 S.E.2d 324, 326
> (1987).

Id. at 452, 417 S.E.2d 313-14.

The record established that the house was appraised at $78,000, which also was husband's valuation of the home in his equitable distribution submission. Wife raised the fact that husband valued the home at $78,000 in her memorandum of law submitted to the trial court. No further factual resolution is needed. We find the trial court was correct in valuing the home at $78,000 but did so for the wrong reason.

Husband next argues the trial court erred in classifying the home as marital property. We disagree.

> Our standard of review of this
> particular issue is well settled. "Code
> § 20-107.3 contains no presumption favoring
> equal division of marital property.
> Moreover, in reviewing an equitable
> distribution award, we rely heavily on the
> trial judge's discretion in weighing the
> particular circumstances of each case. Only
> under exceptional circumstances will we
> interfere with the exercise of the trial
> judge's discretion." Aster v. Gross, 7 Va.
> App. 1, 8, 371 S.E.2d 833, 837 (1988)
> (citation omitted).

Gamble v. Gamble, 14 Va. App. 558, 573, 421 S.E.2d 635, 644 (1992).

-

Code § 20-107.3(A)(3)(a) provides that property not owned by both parties may be classified as marital property when the value of separate property has increased because "marital property or the personal efforts of either party have contributed to such increases . . . ." In this case, the trial court found that the parties' home, as opposed to the unimproved lot, was marital property under Code § 20-107.3(A)(3)(a) due to wife's "certain contributions of marital property and personal effort in contributing to appreciation of the unimproved lot, [husband's] separate property." We find the trial court carefully considered the factors in subsection (A) and did not abuse its discretion in classifying the parties' home as marital property and awarding wife a distributive share of such property.

Husband finally contends the trial court erred in ruling wife had a rental interest in the marital home and in making an award of the rental value of the home. We agree.

Code § 8.01-31 states, "An accounting in equity may be had against any fiduciary or by one joint tenant, tenant in common, or coparcener for receiving more than comes to his just share or proportion, or against the personal representative of any such party."

As contemplated by Code § 8.01-31, an accounting occurs only when there is co-ownership of the property. Thus, a party is entitled to the fair market rental value of the property only

when that party has joint ownership of the property.  See Gaynor
v. Hird, 15 Va. App. 379, 381, 424 S.E.2d 240, 242 (1992).

   In this case, the record established, and wife conceded on
brief, that wife was not a title owner of the property.  The
property was deeded to husband prior to the parties' marriage,
and the property was never titled in wife's name.  Therefore,
because she is not an owner of the property, wife is not
entitled to the fair market rental value.

   For these reasons, we find the trial court was correct in
valuing the parties' home at $78,000 and in classifying the home
as marital property.  The trial court, however, erred in
accepting wife's valuation of the bee business and in awarding
wife the fair market rental value of the home.  We remand for
redetermination of the award for the bee business.

                                        Reversed and remanded.