COURT OF APPEALS OF VIRGINIA


Present: Judges Clements, Agee[*] and Felton
Argued at Richmond, Virginia


MARK ANTHONY KIRBY

                                    MEMORANDUM OPINION[**] BY
v.    Record No. 0494-02-2            JUDGE G. STEVEN AGEE
                                        MARCH 25, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF HALIFAX COUNTY
                     Leslie M. Osborn, Judge

         Buddy A. Ward, Public Defender (Office of the
         Public Defender, on brief), for appellant.

         Stephen R. McCullough, Assistant Attorney
         General (Jerry W. Kilgore, Attorney General,
         on brief), for appellee.


    Mark Anthony Kirby ("Kirby") was convicted in a bench trial

in the Circuit Court of Halifax County of violating Code

§ 46.2-817(B) which prohibits a driver from ignoring a police

officer's signal to stop and driving a motor vehicle in such a

willful and wanton manner that it endangers a person.  Kirby

asserts that he cannot be convicted under this statute if he is

---

    [*] Justice Agee participated in the hearing and decision of
this case prior to his investiture as a Justice of the Supreme
Court of Virginia.

    [**] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

the only person endangered by his driving.  For the reasons that follow, we affirm the decision of the circuit court.

## I.  BACKGROUND

On the morning of June 23, 2001, Officer Freeman ("Freeman") of the Halifax Police Department was operating stationary radar when he observed Kirby drive past his radar unit at 64 miles per hour (m.p.h.) in a 45 m.p.h. zone.  Freeman activated his emergency lights, but not his siren, and pursued Kirby's vehicle.  "Within a short distance, probably a couple tenths of a mile," Freeman caught up with Kirby's vehicle.  At that time Kirby rapidly pulled away.  Freeman reached speeds of 94 m.p.h. while chasing Kirby and experienced difficulty closing the distance with Kirby's car.  They passed at least one vehicle going in the opposite direction during the pursuit.  Kirby's car then skidded through a stop sign, hit a fence post and came to rest on an embankment.  When Freeman asked Kirby why he was running from him, Kirby responded that he was only doing 55 m.p.h., did not see the emergency lights, and was not running from the police officer.  Officer Freeman later determined that Kirby was driving with a suspended operator's license.

Kirby was convicted of eluding a police officer while driving a motor vehicle in such willful and wanton disregard so as to endanger a person in violation of Code § 46.2-817(B), a felony.  He now appeals.

## II.  ANALYSIS

Code § 46.2-817(B) provides that:

> Any person who, having received a visible or
> audible signal from any law-enforcement
> officer to bring his motor vehicle to a
> stop, drives such motor vehicle <u>in a willful
> and wanton disregard of such signal so as to
> interfere with or endanger the operation of
> the law-enforcement vehicle or endanger a
> person</u> is guilty of a Class 6 felony.  It
> shall be an affirmative defense to a charge
> of a violation of this subsection if the
> defendant shows he reasonably believed he
> was being pursued by a person other than a
> law-enforcement officer.

(Emphasis added).

Construing the meaning of "endanger a person" under the statute, the trial court opined from the bench as to the intent of the General Assembly, "that's fairly clear that they intended that it be a person.  So it could be the individual in this case."  On appeal Kirby contends his conviction under Code § 46.2-817(B) is in error because he alone was the person endangered by his driving and that action is not proscribed by the statute.[1]

Subsequent to the trial court's decision in this case, this Court issued its opinion in <u>Tucker v. Commonwealth</u>, 38 Va. App. 343, 564 S.E.2d 144 (2002), which also involved a conviction under Code § 46.2-817(B).  In <u>Tucker</u> we held:

---

[1] Kirby does not challenge the trial court's finding that he was "in willful and wanton disregard" of the officer's signal.

- 3 -

> a manifest purpose of the statute is to protect the public against a driver eluding police "so as to . . . endanger a person." Hence, <u>conduct that raises the specter of endangerment is the evil contemplated and proscribed by the statute. To require the threat to be imminent would engraft an element to the offense, thereby permitting the dangerous operation of motor vehicles until a person is actually imperiled, an absurd result that subverts the salutary purposes of the statute.</u>

<u>Id.</u> at 347, 564 S.E.2d at 146 (quoting Code § 46.2-817(B)) (emphasis added).

It is well settled that an appellate court may affirm a trial court's judgment when it has reached the right result for the wrong reason. <u>Driscoll v. Commonwealth</u>, 14 Va. App. 449, 452, 417 S.E.2d 312, 312 (1992); <u>see</u> <u>e.g.</u> <u>White v. Commonwealth</u>, 37 Va. App. 658, 665, 561 S.E.2d 12, 16 (2002); <u>McLellan v. Commonwealth</u>, 37 Va. App. 144, 154, 554 S.E.2d 699, 704 (2001). This rule applies in criminal cases. <u>See</u> <u>Frye v. Commonwealth</u>, 231 Va. 370, 389, 345 S.E.2d 267, 281 (1986). However, this rule is not applicable in "cases where, because the trial court has rejected the right reason or confined its decision to a specific ground, further factual resolution is needed before the right reason may be assigned to support the trial court's decision." <u>Driscoll</u>, 14 Va. App. at 452, 417 S.E.2d at 312 (citing <u>Sateren v. Montgomery Ward & Co.</u>, 234 Va. 303, 306, 362 S.E.2d 324, 326 (1987)). Further, the rule does not apply "if

- 4 -

the correct reason for affirming the trial court was not raised in any manner at trial."  Id. (citing Eason v. Eason, 204 Va. 347, 352, 131 S.E.2d 280, 283 (1963)).

The Commonwealth specifically argued to the trial court that with Kirby's action of going through the stop sign and hitting the embankment "there is very much the potential that someone can be hurt."  The Commonwealth noted "[i]t is the potential to cause serious harm" to other people on the road that Code § 46.2-817(B) seeks to prevent.  Thus, the Commonwealth clearly brought before the trial court the proposition that Kirby's actions raised the "specter of endangerment."  The Commonwealth then proved that Kirby caused the "specter of endangerment" to persons who might have been and were on the highway at the time of his reckless acts.  Those acts included traveling at a very high rate of speed on a curving rural road while fleeing the pursuing police vehicle, meeting oncoming traffic and running through a posted stop sign at an intersection before crashing into a fence.

However, the trial court stated that "the legislature may have intended it that we do not have to have an identifiable person who was put in danger.  I don't think that's the case.  I think we do have to have an identifiable person who is put in danger."  Based on that assumption, the trial court concluded

that Kirby himself was "a person" as contemplated by the statute and found him guilty.

As Tucker has since clarified, the trial court wrongly assumed that the endangered person had to be specifically identified. Nonetheless, the trial court also found that "a person, some other person, could have been put at risk" by Kirby's excessive speed, skidding through the stop sign and hitting a fence post. Such a finding is all Tucker requires for conviction under Code § 46.2-817(B), because Kirby's actions raised "the specter of endangerment." The correct reason under Tucker was raised in the trial court, and no further fact determinations are required to sustain the trial court's ultimate verdict. While the trial court did not base its decision on the "specter of endangerment," it did not reject that basis and made a specific factual finding in support of it. Accordingly, application of the standard set forth in Tucker to the record in this case reflects sufficient evidence to sustain the finding of guilty against Kirby.[2]

---

[2] As the application of the Tucker standard to the facts of this case resolves the appeal, we do not address the statutory question issue raised by Kirby as to whether he alone is a "person" as contemplated by the endangerment provision of Code § 46.2-817(B).

## III.  CONCLUSION

In light of our holding in <u>Tucker</u>, the trial court reached the right result for the wrong reason.  We therefore affirm the conviction.

<u>Affirmed.</u>