COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Humphreys and Senior Judge Hodges
Argued at Chesapeake, Virginia


GREGORY WARREN FOX

MEMORANDUM OPINION[*] BY
v.    Record No. 1717-02-1          JUDGE ROBERT P. FRANK
JUNE 24, 2003
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Randolph T. West, Judge

Joseph A. Migliozzi, Jr. (Hooker & Migliozzi,
on brief), for appellant.

Robert H. Anderson, III, Senior Assistant
Attorney General (Jerry W. Kilgore, Attorney
General, on brief), for appellee.


Gregory Warren Fox (appellant) appeals his convictions after
a jury trial of second-degree murder, in violation of Code
§ 18.2-32, and use of a firearm during the commission of a felony,
in violation of Code § 18.2-53.1.  He argues the trial court erred
(1) in refusing to permit a jury instruction on manslaughter and
(2) in overruling his motion for a mistrial, based on a witness's
reference to appellant's silence after his arrest.  For the
reasons stated below, we reverse the convictions.

After both parties had presented evidence, the trial court
considered the instructions that the parties wanted submitted to

--------

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

the jury. The court allowed instructions on self-defense. Appellant then offered a jury instruction defining voluntary manslaughter. Neither party made any argument as to this instruction. The court denied the instruction, stating "[t]here's no manslaughter instruction with a plea of self-defense."

Appellant argues the trial court erred in refusing his instruction for voluntary manslaughter, arguing the court's reasoning was incorrect and the evidence supported the instruction. The Commonwealth concedes the trial court's reason for excluding the instruction was incorrect. However, the Commonwealth contends appellant did not preserve this argument and, further, the trial court should be affirmed under "right result, wrong reason" analysis.

Appellant did preserve his argument for a voluntary manslaughter instruction. He presented the instruction to the trial court, and the instruction is in the record. When presenting the instruction to the trial court, defense counsel said, "[M]y client doesn't feel like it's justified under the evidence." The Commonwealth interprets this statement to mean appellant did not actually want a voluntary manslaughter instruction. However, this interpretation is incorrect, given appellant tendered the instruction to the court. Although counsel's statement may be vague, appellant wanted the jury instructed on manslaughter. The trial court clearly understood

-

that appellant was offering the instruction for presentation to the jury, not that appellant withdrew it from consideration. The trial court further expressed his reasons for not granting the instruction.

The Commonwealth also argues appellant's presentation of this instruction, after the instruction for first-degree and second-degree murder were accepted by the trial court, was untimely and did not preserve the issue for appeal.[1]  However, the dialogue between counsel and the trial court concerning the instructions had not concluded when appellant offered his voluntary manslaughter instruction.  The trial court had an adequate and timely opportunity to rule on the instruction, which he did.  Appellant did preserve his argument for a manslaughter instruction.

The Commonwealth concedes the trial court's exclusion of the manslaughter instruction, because "[t]here's no manslaughter instruction with a plea of self-defense," was wrong.[2]  The Commonwealth instead contends the evidence did not support the giving of the instruction to the jury.  See Commonwealth v. Vaughn, 263 Va. 31, 36, 557 S.E.2d 220, 222-23 (2002).  The

---

[1] Appellant objected to the first-degree murder instruction on the ground that the evidence was insufficient to support such an instruction.  His objection was overruled.

[2] "'The plea of self-defense and of passion . . . are not in conflict with each other.'"  McClung v. Commonwealth, 215 Va. 654, 657, 212 S.E.2d 290, 293 (1975) (quoting Wilkins v. Commonwealth, 176 Va. 580, 583, 11 S.E.2d 653, 655 (1940)).

-

Commonwealth argues this Court should apply the principle of "right result, wrong reason" in this case.  However, the Commonwealth ignores the requirements of this rule.

> "An appellate court may affirm the judgment of a trial court when it has reached the right result for the wrong reason." [Driscoll v. Commonwealth, 14 Va. App. 449, 452, 417 S.E.2d 312, 313 (1992)].  However,

> The rule does not always apply. It may not be used if the correct reason for affirming the trial court was not raised in any manner at trial. In addition, the proper application of this rule does not include those cases where, because the trial court has rejected the right reason or confined its decision to a specific ground, further factual resolution is needed before the right reason may be assigned to support the trial court's decision.

> Id. at 452, 417 S.E.2d 313-14 (citation omitted).

Here, the right reason was never presented to the trial court.  The Commonwealth never argued at trial that the evidence did not support a manslaughter instruction.  The Commonwealth concedes the trial court's rationale for the exclusion of the manslaughter instruction was erroneous.  Since the Commonwealth did not argue at trial that the evidence did not support the instruction, we are obligated to find the trial court erred in excluding the instruction.[3]

---

[3] The Commonwealth did not argue harmless error, either in its brief or at oral argument.

-

## CONCLUSION

As the trial court improperly excluded a jury instruction, we reverse the convictions and remand for a new trial if the Commonwealth be so inclined.  In so doing, we need not address the mistrial issue, since the issue is unlikely to arise in a new trial.

<u>Reversed and remanded.</u>