COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, McCullough and Senior Judge Haley
Argued at Fredericksburg, Virginia

STEPHEN MICHAEL BLANTON

v.        Record No. 1834-14-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE ROBERT J. HUMPHREYS
MARCH 1, 2016

FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
Herman A. Whisenant, Jr., Judge Designate

Kevin J. Gerrity, Deputy Public Defender (Gráinne Rita McAnaney,
Assistant Public Defender, on brief), for appellant.

Craig W. Stallard, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Stephen Michael Blanton ("Blanton") appeals the ruling of the Circuit Court of Fauquier

County (the "circuit court") denying his motion to suppress the evidence that was recovered

pursuant to a traffic stop.

In reviewing a trial court's denial of a motion to suppress, this Court views the evidence

"in the light most favorable to the Commonwealth, granting to the Commonwealth all reasonable

inferences fairly deducible from it." Sabo v. Commonwealth, 38 Va. App. 63, 69, 561 S.E.2d

761, 764 (2002). In doing so, we are "bound by the trial court's findings of historical fact unless

'plainly wrong' or without evidence to support them and we give due weight to the inferences

drawn from those facts by resident judges and local law enforcement officers." McGee v.

Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (*en banc*). "However, we

consider *de novo* whether those facts implicate the Fourth Amendment and, if so, whether the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

officers unlawfully infringed upon an area protected by the Fourth Amendment." Hughes v. Commonwealth, 31 Va. App. 447, 454, 524 S.E.2d 155, 159 (2000) (*en banc*).

Blanton's first assignment of error contends that his detention violated the Fourth Amendment because it was improperly prolonged for thirty minutes before the canine unit arrived, and therefore exceeded the scope of the traffic stop. As a preliminary matter, we must first determine if Blanton waived his Fourth Amendment rights against unreasonable searches and seizures of his person pursuant to a 2009 plea agreement. On September 3, 2009, Blanton entered a plea agreement in the Circuit Court of Culpeper County containing the following provision:

> The defendant, as a condition of this plea agreement, hereby waives Fourth Amendment rights against unreasonable searches and seizures of his person at any time and by any law enforcement officer during the period of supervised probation.

This waiver was incorporated into the final sentencing order of the Circuit Court of Culpeper County, which stated:

> The defendant shall, without probable cause, submit to warrantless searches and seizure of his person by any law-enforcement officer, including his probation Officer, at any time during the defendant's period of supervised probation, pursuant to the terms of the written plea agreement.[1]

Blanton does not contest that he signed the 2009 plea agreement "voluntarily, knowing it to contain a waiver of his Fourth Amendment rights against unreasonable searches and seizures of his person." Instead, Blanton argues first that the waiver was "unreasonable." Second, Blanton claims that such waiver, if found to be reasonable, was limited to the search and seizure of his person and that the waiver only relates to his federal constitutional rights, not his rights under Virginia law.

---

[1] The traffic stop at issue in this case occurred on May 30, 2013, during Blanton's period of supervised probation which began on July 20, 2011 and ended on July 20, 2013.

We hold that Blanton's waiver of his Fourth Amendment rights incorporated into his 2009 plea agreement was valid as it applies to Blanton's seizure in the case at bar. Pursuant to Code § 19.2-303, "[a]fter conviction, whether with or without jury, the court may suspend imposition of sentence or suspend the sentence in whole or part and in addition may place the defendant on probation under such conditions as the court shall determine." Thus, Code § 19.2-303 authorizes a trial court to impose such reasonable terms and conditions of probation as it deems appropriate. Dyke v. Commonwealth, 193 Va. 478, 484, 69 S.E.2d 483, 486 (1952) (decided under predecessor statute, former Code § 53-272). However, "[p]robation conditions must be reasonable in light of the nature of the offense, the defendant's background, and the surrounding circumstances." Murry v. Commonwealth, 288 Va. 117, 122, 762 S.E.2d 573, 576 (2014).

The Supreme Court of Virginia has upheld a defendant's waiver of his Fourth Amendment rights pursuant to a plea agreement in a case with similar facts. In Anderson v. Commonwealth, 256 Va. 580, 585, 507 S.E.2d 339, 342 (1998), the Court rejected Anderson's argument that the waiver was "unreasonable," explaining that Anderson had knowingly and voluntarily agreed to the waiver pursuant to a plea agreement, that he had a history of drug and firearm offenses, and that the waiver "provided the Commonwealth with a useful means of verifying Anderson's compliance" with the terms of his plea agreement, from which Anderson had benefited.

Blanton concedes that he knowingly and voluntarily entered a plea agreement containing a waiver of his Fourth Amendment rights against unreasonable searches and seizures of his person. Pursuant to the plea agreement, Blanton pleaded guilty to a felony charge of possessing or receiving stolen property in exchange for the Commonwealth agreeing to *nolle prosequi* ten other charges. Blanton had previously been convicted of carnal knowledge and consensual

sexual intercourse with a child fifteen or older and was a registered sex offender. Similar to Anderson, Blanton knowingly and voluntarily agreed to the waiver, which also provided a useful means of verifying Blanton's compliance with the agreement during the period of his probation. In further similarity to the defendant in Anderson, Blanton also benefited from the plea agreement by having multiple charges dropped. Notably, Blanton's waiver was limited in scope and duration to only the seizure and search of his person during his two-year probation period. Accordingly, considering the nature of the offense giving rise to the plea agreement, Blanton's previous criminal history, and the surrounding circumstances, we hold that Blanton's waiver was reasonable. Because the waiver was included in a plea agreement in which the Commonwealth had already performed its duties in accordance with the terms, it was also binding upon Blanton.

Blanton relies on two cases to support his claim that his waiver was unreasonable, which are easily distinguishable from this case. In Murry, as a term of Murry's probation, the circuit court imposed a condition that Murry waive his Fourth Amendment rights to the search of his person, property, and effects for an indefinite period. 288 Va. at 120-21, 762 S.E.2d at 575. Murry objected to the condition of his probation. Id. at 121, 762 S.E.2d at 575. In United States v. Knights, 534 U.S. 112, 121 (2001), the Supreme Court of the United States held that "[w]hen an officer has reasonable suspicion that a probationer subject to a [probation condition involving a Fourth Amendment search waiver] . . . is engaged in criminal activity, there is enough likelihood that criminal conduct is occurring that an intrusion on the probationer's significantly diminished privacy interests is reasonable." Importantly, the Supreme Court declined to decide whether Knights's acceptance of the search condition of his probation operated as a complete waiver of his Fourth Amendment rights. Id. at 118. Unlike Blanton, who voluntarily accepted the Fourth Amendment waiver limited to the search and seizure of his person as a condition to his two-year probation period, the appellant in Murry specifically objected to the condition

- 4 -

which included a much broader waiver for an indefinite period of time. In further contrast to Blanton who has conceded that he knowingly and voluntarily accepted the Fourth Amendment waiver as a term of a plea agreement from which he benefited, the waiver conditions in both Murry and Knights were issued by the trial court as a condition of probation. Accordingly, Murry and Knights do not undermine Anderson or compel a different result.

We find Blanton's argument regarding his rights against unreasonable searches and seizures under the Virginia Constitution to be without merit. To support his argument that the waiver only relates to his federal constitutional rights, not his rights under the Constitution of the Commonwealth, Blanton relies on Code § 19.2-59, which states:

> No officer of the law or any other person shall search any place, thing or person, except by virtue of and under a warrant issued by a proper officer. Any officer or other person searching any place, thing or person otherwise than by virtue of and under a search warrant, shall be guilty of malfeasance in office. Any officer or person violating the provisions of this section shall be liable to any person aggrieved thereby in both compensatory and punitive damages.

Code § 19.2-59 protects against unreasonable searches and seizures, which are "forbidden by the common law, and by the [F]ourth [A]mendment . . . which is but declaratory of the common law on the subject." McClannan v. Chaplain, 136 Va. 1, 14, 116 S.E. 495, 498 (1923). Code § 19.2-59 "concerns a common law tort that has achieved constitutional dimensions, and the statute specifies the familiar tort law remedy of damages." Burnham v. West, 681 F. Supp. 1169, 1172 (E.D. Va. 1988). Thus, even if Blanton's argument is correct, Code § 19.2-59 would at most provide Blanton with a remedy of compensatory and punitive damages, not suppression of the evidence recovered. See Virginia v. Moore, 553 U.S. 164, 167 (2008) (holding "Virginia law does not, as a general matter, require suppression of evidence obtained in violation of state law").

Finding that Blanton waived his Fourth Amendment rights against unreasonable searches and seizures of his person pursuant to his 2009 plea agreement, this Court need not reach the

merits of whether the detention and search of Blanton violated the Fourth Amendment.  See

Armstead v. Commonwealth, 56 Va. App. 569, 576, 695 S.E.2d 561, 564 (2010) (applying the

Court's traditional practice of relying upon "the best and narrowest ground available" for our

decision (quoting Kirby v. Commonwealth, 50 Va. App. 691, 698 n.2, 653 S.E.2d 600, 603 n.2

(2007))).[2]  The fact that the circuit court declined to decide this issue on the narrower non-

constitutional basis does not prevent this Court from doing so.  See Eason v. Eason, 204 Va. 347,

352, 131 S.E.2d 280, 283 (1963) ("We do not hesitate, in a proper case, where the correct

conclusion has been reached but the wrong reason given, to sustain the result and assign the right

ground."); Harris v. Commonwealth, 39 Va. App. 670, 676, 576 S.E.2d 228, 231 (2003) (*en

banc*) (holding an appellee may argue for the first time on appeal any legal ground in support of

a judgment so long as it does not require new factual determinations).  The issue of Blanton's

waiver is a pure issue of law and does not require any additional fact finding.  Accordingly, we

hold that the circuit court did not err in denying Blanton's motion to suppress based on his claim

that his detention was unconstitutional.

Blanton's second assignment of error asserts that the drug dog's entry into the vehicle

without probable cause and the subsequent search of the interior of the vehicle by the dog and

the deputies violated his rights under the Fourth Amendment.

When challenging a search on the basis that it violated the Fourth Amendment, an

appellant preliminarily "bears the burden of proving that he has standing to assert the

constitutional right."  Atkins v. Commonwealth, 57 Va. App. 2, 12, 698 S.E.2d 249, 254 (2010).

The Supreme Court of the United States held that a passenger in a vehicle who "asserted neither

a property nor a possessory interest in the automobile, nor an interest in the property seized"

---

[2] This issue was raised and argued in the circuit court but that court declined to decide this issue on the narrower non-constitutional basis and instead unnecessarily reached the merits of the constitutional argument.  We decline to follow suit.

does not have standing to challenge the search of the vehicle. Rakas v. Illinois, 439 U.S. 128, 148 (1978). Citing to Rakas, this Court similarly found an appellant lacked standing to contest a search of a vehicle in which he was a passenger. See Atkins, 57 Va. App. at 13, 698 S.E.2d at 254-55 ("At no point did [appellant] claim any interest in the vehicle or in the weapons found inside. . . . All that appellant has shown is that he was a passenger in the vehicle.").

Blanton was a passenger in Rebecca Hill's vehicle. Deputy Spicer determined the vehicle was registered to Hill. During the encounter, Blanton did not claim any ownership or possessory interest in the vehicle. Significantly, Blanton specifically disavowed ownership of the backpack where the drugs were found. As such, Blanton has no standing to contest the search of the vehicle or the backpack found inside. Therefore, we need not and do not address whether the search violated the Fourth Amendment.

Blanton's third assignment of error states, "[t]he trial court erred when it declined to make a finding that Mr. Blanton did not waive all rights against unreasonable searches and seizures as protected by the Fourth Amendment of the United States and by Virginia Code § 19.2-59." Because we conclude that Blanton's Fourth Amendment waiver was valid as it applied to Blanton's seizure in this case, his third assignment of error is moot and we decline to address it further.

For the reasons stated, we hold that the circuit court did not err in denying Blanton's motion to suppress the evidence.

Affirmed.