COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Willis and Annunziata
Argued at Richmond, Virginia


VERNON GREGORY PIGGOTT, S/K/A
 VERNON PIGGOT
                                          OPINION BY
v.   Record No. 2250-99-2        JUDGE JERE M. H. WILLIS, JR.
                                        DECEMBER 5, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
                     Robert G. O'Hara, Jr., Judge

            Anthony N. Sylvester (Anthony N. Sylvester,
            P.C., on brief), for appellant.

            Marla Graff Decker, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Vernon Gregory Piggott (appellant) was convicted in a bench

trial of possession of cocaine in violation of Code § 18.2-250.

On appeal, he argues the trial court erred in denying his motion

to suppress the evidence obtained in violation of his Fourth

Amendment rights.  We reverse Piggott's conviction and remand

the case to the trial court for further proceedings, if the

Commonwealth be so advised.

                      I.  BACKGROUND

     On appeal from a trial court's ruling on a suppression

motion, we view the evidence in the light most favorable to the

party prevailing below, in this case the Commonwealth.  See

Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d

47, 48 (1991).  However, "'[u]ltimate questions of reasonable suspicion and probable cause . . . are reviewed de novo on appeal.'"  McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (en banc) (quoting Ornelas v. United States, 517 U.S. 690, 691 (1996)).  Similarly, we review de novo whether a seizure occurred.  See id. at 198, 487 S.E.2d at 261.

On November 19, 1998, Piggott was a passenger in a car driven by Roy Dean Wright.  Detective Michael S. Langford stopped the car because it was proceeding the wrong way on a one-way street.  Detective Langford requested Wright's driver's license, ran it through his computer, and released Wright with a verbal warning.

Detective Langford obtained from Wright permission to search his car and person.  Detective Langford found no weapon or contraband on Wright's person.  He then identified himself to Piggott and asked Piggott to exit the car.  Detective Langford's search of the car produced no weapon or contraband.  Upon completion of the search of the car, Detective Langford asked Piggott for identification, which Piggott produced.[1]

Detective Langford ran a warrant check on Piggott, which he testified took a "few" minutes.  After discovering that Piggott

---

[1] The record does not disclose the precise nature of Piggott's identification.  However, in a question, counsel referred to it as "his license."  Detective Langford used the identification to access a central records bank.  From this, we conclude that the identification was in some official form.

had two outstanding warrants, Detective Langford arrested him. On the way to jail, Piggott admitted he had cocaine concealed in his shoe. At the jail, Detective Langford searched Piggott and found three chunks of cocaine in a plastic bag inside his shoe. He charged Piggott with possession of cocaine.

Prior to trial, Piggott moved to suppress the cocaine found on his person. He argued that discovery of the cocaine derived from an unlawful seizure of his person. The trial court denied the motion, ruling that the encounter between Piggott and Detective Langford was consensual. In a bench trial, the trial court convicted Piggott of possessing cocaine.

## II.  THE SEIZURE

"Fourth Amendment jurisprudence recognizes three categories of police-citizen confrontations:  (1) consensual encounters, (2) brief, minimally intrusive investigatory detentions, based upon specific, articulable facts, commonly referred to as Terry stops, and (3) highly intrusive arrests and searches founded on probable cause." Wechsler v. Commonwealth, 20 Va. App. 162, 169, 455 S.E.2d 744, 747 (1995) (citation omitted).

"A consensual encounter occurs when police officers approach persons in public places 'to ask them questions,' provided 'a reasonable person would understand that he or she could refuse to cooperate.'" Payne v. Commonwealth, 14 Va. App. 86, 88, 414 S.E.2d 869, 870 (1992) (citations omitted).  "As long as the person to whom questions are put remains free to

disregard the questions and walk away, there has been no intrusion upon that person's liberty or privacy as would under the Constitution require some particularized and objective justification." United States v. Mendenhall, 446 U.S. 544, 554 (1979).

An encounter is not consensual "if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." Id. The "principle embodied by the phrase 'free to leave' means the ability to ignore the police and to walk away from them," to "'feel free to decline the officers' requests or otherwise terminate the encounter.'" United States v. Wilson, 953 F.2d 116, 122 (4th Cir. 1991) (quoting Florida v. Bostick, 501 U.S. 429, 436 (1991)). "Fourth Amendment scrutiny is triggered, however, the moment an encounter 'loses its consensual nature.'" Id. (quoting Bostick, 501 U.S. at 434).

Detective Langford's request for Piggott's identification initiated a consensual encounter and implicated no Fourth Amendment interest. However, the consensual aspect of the encounter ceased when Detective Langford retained Piggott's identification while he ran a warrant check. A reasonable person in Piggott's circumstances would not have believed that he could terminate the encounter and walk away. By retaining Piggott's identification, Detective Langford implicitly commanded Piggott to stay. See Hodnett v. Commonwealth, 32 Va.

App. 684, 691-92, 530 S.E.2d 433, 436 (2000).  Thus, for Fourth Amendment purposes, Piggott was then "seized" by Detective Langford.  See Terry v. Ohio, 392 U.S. 1, 16 (1968).  "In order to justify such a seizure, an officer must have a 'reasonable and articulable suspicion of criminal activity on the part of the defendant.'"  Hatcher v. Commonwealth, 14 Va. App. 487, 490, 419 S.E.2d 256, 258 (1992) (quoting Commonwealth v. Holloway, 9 Va. App. 11, 15, 384 S.E.2d 99, 101 (1989)).

The circumstances in this case gave Detective Langford no objectively reasonable basis for suspecting that Piggott was engaged in criminal activity.  Detective Langford had no information to such effect, nor had he observed any criminal behavior.  Piggott cooperated and willingly gave his correct identification.

Because Detective Langford's encounter with Piggott ceased to be consensual, and because the circumstances provided no lawful basis for further detention, Piggott was seized in violation of his Fourth Amendment rights.  The cocaine was found on his person due to that unlawful seizure and should have been suppressed.  Accordingly, we reverse the judgment of the trial court, reverse Piggott's conviction, and remand the case to the trial court for further proceedings if the Commonwealth be so advised.

                                        Reversed and remanded.