COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Clements and Felton
Argued by teleconference


COMMONWEALTH OF VIRGINIA

v.      Record No. 1488-03-3

VICTOR PERRY

MEMORANDUM OPINION* BY
JUDGE LARRY G. ELDER
OCTOBER 28, 2003


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
J. Leyburn Mosby, Jr., Judge

Amy L. Marshall, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellant.

Mark J. Peake (Caskie & Frost, on brief), for appellee.


Victor Perry (defendant) stands indicted for possession of marijuana with intent to distribute. Pursuant to Code § 19.2-398, the Commonwealth appeals a pretrial ruling granting defendant's motion to suppress all evidence resulting from a search of his residence. The trial court ruled that defendant's consent was coerced and, thus, that the search was unreasonable. The totality of the circumstances, viewed in the light most favorable to defendant, supports the trial court's finding that his consent was not voluntary. Thus, we affirm the trial court's granting of the motion to suppress and remand for further proceedings consistent with this opinion if the Commonwealth be so advised.

On appeal of the granting of a motion to suppress, we view the evidence in the light most favorable to the defendant, the prevailing party below, granting to the evidence all reasonable inferences fairly deducible therefrom. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067,

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

407 S.E.2d 47, 48 (1991). "[W]e are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them[,] and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc) (citing Ornelas v. United States, 517 U.S. 690, 699, 116 S. Ct. 1657, 1659, 134 L.Ed.2d 911 (1996)).

The Fourth Amendment requires "that a consent [to a search] not be coerced, by explicit or implicit means . . . ." Schneckloth v. Bustamonte, 412 U.S. 218, 228, 93 S. Ct. 2041, 2048, 36 L. Ed. 2d 854 (1973). In order to determine whether consent to a particular search was "voluntary," the test is whether the search is "the product of an essentially free and unconstrained choice" or whether the consenter's "will has been overborne and his capacity for self-determination critically impaired." Id. at 225-26, 229, 93 S. Ct. at 2047, 2049. "[T]he question whether a consent to a search was in fact 'voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances." Id. at 227, 93 S. Ct. at 2047-48. The Commonwealth bears the burden of proving voluntariness of consent by a preponderance of the evidence. Bumper v. North Carolina, 391 U.S. 543, 548, 88 S. Ct. 1788, 1792, 20 L. Ed. 2d 797 (1968). "[T]his burden is heavier where the alleged consent is based on an implication." Walls v. Commonwealth, 2 Va. App. 639, 645, 347 S.E.2d 175, 178 (1986).

The number of times an officer asks for consent to search may be relevant to the determination of whether consent was coerced. See, e.g., Harris v. Commonwealth, 38 Va. App. 680, 690, 568 S.E.2d 385, 390 (2002) (citing Reittinger v. Commonwealth, 260 Va. 232, 532 S.E.2d 25 (2000), in which officers asked three times for consent to search vehicle, and noting implicitly that repeated or "persistent request[s] . . . to search" might amount to coercion), rev'd on other grounds, 266 Va. 28, 581 S.E.2d 206 (2003). "[M]erely advising [an individual] that a

search warrant could be obtained is not coercion," Bosworth v. Commonwealth, 7 Va. App. 567, 571, 375 S.E.2d 756, 758 (1989), but it is a relevant factor in the totality-of-the-circumstances analysis. The fact that a suspect is in custody or under investigative detention does not vitiate consent, Reynolds v. Commonwealth, 9 Va. App. 430, 388 S.E.2d 659 (1990), but whether the officers involved have made a display of authority or show of force is a factor for consideration, Johnson v. Commonwealth, 26 Va. App. 674, 689, 496 S.E.2d 143, 150 (1998). An officer's subjective intention to detain or arrest is "relevant to an assessment of the Fourth Amendment implications of police conduct . . . to the extent that that intent has been conveyed to the person confronted," Michigan v. Chesternut, 486 U.S. 567, 576 n.7, 108 S. Ct. 1975, 1981 n.7, 100 L. Ed. 2d 565 (1988), whether conveyed explicitly or implicitly, McLellan v. Commonwealth, 37 Va. App. 144, 154-55 n.1, 554 S.E.2d 699, 704 n.1 (2001).

Here, the evidence, viewed in the light most favorable to defendant, supports the trial court's determination that the Commonwealth failed to meet its burden of proving defendant's implicit consent to the search of his residence was freely and voluntarily given. Cf. Commonwealth v. Ealy, 12 Va. App. 744, 753-54, 407 S.E.2d 681, 687 (1991) (holding trial court could properly find suspect's mother did not freely consent to search because she "may have been under duress and felt coerced after watching the police twice come to her property, question her daughter in the police car, and then . . . question [her] outside her house in the police car," "[c]oupled with the fact that she did not know whether she had the right to refuse consent and the fact that [the sheriff] gave her the impression he would simply get a search warrant to search the garage" if she did not consent).

When the encounter began, defendant reported he had locked himself out of his apartment but had managed to re-enter and was once again preparing to leave. When Officer Zuidema questioned defendant about the "very strong odor of marijuana on his person,"

defendant denied having any marijuana on his person and consented to a search of his person. However, defendant then twice refused Zuidema's request for consent to search his residence.

In denying Zuidema's first request to search, defendant said the "cops had been harassing him for the past week, all because of a warrant for his ex[-]roommate." Officer Zuidema confirmed that he personally had been to defendant's residence previously while "trying to serve a paper on" the former roommate defendant had mentioned. In denying Zuidema's second request to search, defendant "stated that he was . . . just trying to leave with his girlfriend," which Zuidema interpreted "to mean that he was in a hurry to be somewhere and didn't have the time for [a search]."

After defendant had issued these two denials, the officers told him not only that they would get a search warrant for the residence but also that "[they would] *lock the place down*" while they obtained the warrant. (Emphasis added). Officer Zuidema had concluded that defendant was not free to leave, and although he did not expressly communicate this decision to defendant, the circumstances support a finding that a reasonable person in defendant's position would have concluded he was not free to leave. Only then did defendant open the door and enter his residence. Not until after the officers had followed defendant inside, without invitation, did defendant say to the officers that "[they] might as well go ahead."

Thus, viewing the facts in the light most favorable to defendant, we conclude the trial court was not plainly wrong in finding the Commonwealth failed to meet its burden of proving defendant voluntarily consented to the search. Accordingly, we affirm the trial court's granting of defendant's motion to suppress and remand for further proceedings consistent with this opinion if the Commonwealth be so advised.

<u>Affirmed and remanded.</u>