874 So.2d 666 (2004)
Michael James PERKO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-1135.
District Court of Appeal of Florida, Fourth District.
May 12, 2004.
Rehearing Denied June 25, 2004.
Jason T. Forman of Law Offices of Jason T. Forman, P.A., Fort Lauderale, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Heidi L. Bettendorf and Myra Fried, Assistant Attorneys General, West Palm Beach, for appellee.
PER CURIAM.
Perko was convicted of possession of cocaine and possession of drug paraphernalia. He entered a no contest plea, reserving the right to appeal the denial of a motion to suppress.
In the course of a consensual encounter, a sheriff's deputy obtained Perko's consent to conduct a search of his person after obtaining, but before returning, his driver's license while another deputy conducted *667 a warrant check. Under these circumstances, consent was obtained after Perko had been effectively seized. Therefore, the search was unlawful and the fruits thereof must be suppressed. Baez v. State, 814 So.2d 1149, 1153 (Fla. 4th DCA), rev. granted, 835 So.2d 269 (Fla.2002); Barna v. State, 636 So.2d 571, 572 (Fla. 4th DCA 1994). His conviction and sentence are, therefore, reversed on the authority of Barna and Baez.
We note conflict with Golphin v. State, 838 So.2d 705 (Fla. 5th DCA 2003), in which the Fifth District certified conflict with Baez.
As to the other issue raised on appeal, we find no reversible error or abuse of discretion. We remand for further proceedings.
STONE and TAYLOR, JJ., concur.
KLEIN, J., concurs specially with opinion.
KLEIN, J., concurring specially.
In this case the officer, while retaining appellant's identification, asked him if he had any weapons or other illegal items on him, to which appellant responded "no." The officer then said "do you mind if I check your property," to which appellant responded "go ahead," and the officer found the crack pipe.
Our sister court, which upheld a search under these circumstances, did so under the assumption that a person can "withdraw his consent at any time by, for example, asking that his license be immediately returned." Golphin v. State, 838 So.2d 705, 707 (Fla. 5th DCA 2003). This, of course, presupposes that the person knows the law of search and seizure. I, for one, despite my law school education, had no idea there was such a thing as a consensual encounter until I became a judge. Because police officers are, in our society, charged with maintaining order and enforcing the law, it would never have occurred to me that I could insist on the return of my license before the officer was finished with it. Nor would it occur to any other person unversed in search and seizure law.
As Professor LaFave has written "[i]t is nothing more than fiction to say that all of these subjects have consented to the confrontation." Wayne R. LaFave, Search and SeizureA Treatise on the Fourth Amendment § 9.3(a), at 95-96 (3d ed.1996).
In addition to the cases we relied on in Baez, appellant has cited several recent cases from other states in which the courts have refused to go along with this charade. Salt Lake City v. Ray, 998 P.2d 274 (Utah Ct.App.2000); Piggott v. Commonwealth, 34 Va.App. 45, 537 S.E.2d 618 (2000). As the court observed in State v. Daniel, 12 S.W.3d 420, 427 (Tenn.2000):
Without his identification, Daniel was effectively immobilized. Abandoning one's identification is simply not a practical or realistic option for a reasonable person in modern society. [Florida v.] Royer, 460 U.S. [491]at 501-02, 103 S.Ct. [1319]at 1326 [75 L.Ed.2d 229 (1983)]; United States v. Jordan, 294 U.S.App. D.C. 227, 958 F.2d 1085, 1087 (D.C.Cir. 1992). Contrary to the State's assertion, when an officer retains a person's identification for the purpose of running a computer check for outstanding warrants, no reasonable person would believe that he or she could simply terminate the encounter by asking the officer to return the identification. Accordingly, we hold that a seizure within the meaning of the Fourth Amendment and Article I, section 7 occurred when Officer Wright retained Daniel's identification to run a computer warrants check.
*668 I thus agree that the evidence from the search in this case must be suppressed.