# CIRCUIT COURT OF ROANOKE COUNTY

Commonwealth of Virginia

v.

Toni Michelle Webster

August 25, 2005

Case No. CR05-489

BY JUDGE ROBERT P. DOHERTY, JR.

On November 18, 2004, at 1:30 a.m., Defendant drove her vehicle into the EZN parking lot off Hardy Road in the Town of Vinton, following behind a Vinton police car. The police officer noticed that Defendant's vehicle registration had expired in September 2004. The officer watched as the passengers exited Defendant's vehicle, one at a time, and entered the EZN. Defendant remained in the vehicle.

The police officer entered the EZN and observed one passenger asking the clerk to borrow money to purchase a pack of cigarettes. A different passenger approached the officer and asked to borrow fifty cents to call someone to pick her up. The officer then went outside to Defendant's vehicle where she was sitting behind the wheel. The officer asked Defendant for her driver's license to which she replied that she was suspended and that she was just going to drive her friend home.

The police officer recognized the passenger sitting in the back seat from previous encounters and knew that she was wanted in Roanoke City. At this point, the police officer took more information from the Defendant and relayed that information through his computer to get an accurate determination of the Defendant's drivers license status. Before the officer

received a reply to his request for specific information on Defendant, he returned to Defendant and asked her to step out of her vehicle. Once the Defendant got out of her vehicle, the police officer noticed a bulge in Defendant's pocket.

At the suppression hearing held August 15, 2005, the officer could not recall whether he reached into Defendant's pocket to pull out the items or whether he ordered Defendant to hand them to him. The items retrieved included two lighters and a silver cap. When asked about the cap, Defendant explained that it went to her marijuana bowl that was also in her pocket. The officer then retrieved a multi-colored marijuana bowl from Defendant's pocket. The passengers acknowledged that they had been smoking cocaine earlier in the evening, but not from Defendant's marijuana bowl.

The police officer also testified at the suppression hearing that he was not searching for weapons or making any sort of protective frisk. In addition, he testified that Defendant had not been told she was under arrest, but that Defendant was not free to leave. The search of Defendant's pocket occurred between the time the police officer called in for Defendant's information and his receipt of that information. Upon receiving the information that Defendant had three prior DUIs, the police officer placed the Defendant under arrest for driving on a revoked operator's license. Ultimately, Defendant was indicted for possession of cocaine.

Defendant now seeks to suppress the results of the Commonwealth's search and seizure pursuant to the Fourth Amendment. Defendant argues that she was searched without a warrant, that the search was not conducted incident to a lawful arrest, and that the search was not conducted for the officer's safety in conjunction with a search for weapons. The Commonwealth argues that Defendant's vehicle was not stopped by the police officer, that the search was consensual, and that the items on her person would have ultimately been discovered under the inevitable discovery rule.

"Fourth Amendment jurisprudence recognizes three categories of police-citizen confrontations: (1) consensual encounters, (2) brief, minimally intrusive investigatory detentions, based upon specific, articulable facts, commonly referred to as Terry stops, and (3) highly intrusive arrests and searches founded on probable cause." *Piggott v. Commonwealth*, 34 Va. App. 45, 48 (2000). The police officer's initial confrontation with Defendant was a proper Terry stop. The expired

vehicle registration, the time of day, and the unusual behavior of the passengers were sufficient facts to justify the initial confrontation.

However, an officer may not search a suspect simply because he is effecting a Terry stop. The officer may conduct a pat-down search for weapons "if he has reason to believe that the suspect is armed and dangerous." *Adams v. Williams*, 407 U.S. 143, 146 (1972). On cross-examination at the suppression hearing, the police officer specifically stated that he was not searching for weapons. Therefore, the search of Defendant's pocket was not proper under the Terry Doctrine.

The Commonwealth argues that the search of Defendant's person was consensual. "An encounter is not consensual if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *Piggott*, 34 Va. App. at 49. In this case, the officer testified that the Defendant was not free to leave and, either the officer asked Defendant to give him the items in her pocket, or he just took them. A person who merely obeys an officer's order to deliver his property does not forego his expectation of privacy. *Al-Karrien v. Commonwealth*, 38 Va. App. 35, 34 (2002).

The police officer's search of the Defendant's pocket was illegal and constituted police misconduct. However, the Commonwealth also argues that the items would be discoverable under the inevitable discovery rule. For the inevitable discovery rule to apply, the Commonwealth must show (1) a reasonable probability that the evidence in question would have been discovered by lawful means, but for the police misconduct; and (2) the leads making discovery inevitable were possessed by the police at the time of the misconduct. *Commonwealth v. Jones*, 267 Va. 532 (2004). The police officer had already called in Defendant's identifying information and, upon discovering her revoked status, would ultimately have arrested her, as he did, for driving on a revoked operator's license. The contraband would have certainly been discovered as a result of the search incident to arrest. Therefore, the items found in the illegal search would have inevitably been discovered by lawful means, and are therefore admissible. Defendant's motion to suppress is denied.