911 So.2d 192 (2005)
STATE of Florida, Appellant,
v.
Gregg CAMPBELL, Appellee.
No. 4D04-2442.
District Court of Appeal of Florida, Fourth District.
September 21, 2005.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Monique E. L'Italien, Assistant Attorney General, West Palm Beach, for appellant.
Samuel R. Halpern, Fort Lauderdale, for appellee.
STONE, J.
Campbell was charged with carrying a concealed firearm discovered during a consent search of his automobile. The trial court granted Campbell's motion to suppress the firearm. We affirm.
The material facts are undisputed. Three detectives from the Broward sheriff's office entered the parking lot of an apartment complex where there had been "problems" in the past. Campbell, with two children in the back seat, was behind the wheel of his parked car. The detectives approached and asked if everything was okay. He replied that he was "waiting for [his] baby's mom to come downstairs."
Campbell handed over his driver's license upon request. While two detectives stayed next to his vehicle, the third conducted a warrant check. The check came back clean, but instead of returning his license and concluding the encounter, one of the detectives asked whether Campbell had any guns or drugs in the vehicle. Campbell replied "no." The detectives then, without first returning the license, asked for consent to search. Campbell consented, and a firearm was found in the car.
The state cites numerous opinions in support of its assertion that Campbell was not unlawfully seized at the time of consent *193 and that the described circumstances would not convey to a reasonable person that he or she was not free to go. We have considered these authorities and deem each distinguishable: Florida v. Bostick, 501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991) (citizen encounter on bus not per se a seizure, no issue involving retained documents at time of consent as ticket and identification had been returned); State v. Baez, 894 So.2d 115 (Fla. 2004) (officer finds driver slumped over wheel of van in warehouse area at night, asks if driver is all right, driver voluntarily exists van and relinquishes license, warrant check results in discovery of outstanding warrant which leads to discovery of drugs); Lightbourne v. State, 438 So.2d 380 (Fla.1983) (police investigating a complaint of suspicious vehicle; defendant's conduct and furtive movements while officer still in possession of license causing concern for officer safety gave founded suspicion for pat down); Golphin v. State, 838 So.2d 705 (Fla. 5th DCA 2003) (defendant pedestrian in consensual encounter voluntarily relinquished identification to officer, told officer there was an open warrant which was confirmed); State v. Chang, 668 So.2d 207 (Fla. 1st DCA 1996) (consent obtained after return of identification to pedestrian); McLane v. Rose, 537 So.2d 652 (Fla. 2d DCA 1989) (outstanding warrant discovered after passenger's furtive movements led to discovery of passenger's contraband and ordering of defendant driver out of car while driver's license in officer's possession for warrant check).
We conclude that the trial court could properly determine that, under the circumstances, a reasonable person could believe that he was not free to leave and was "detained" at the time the consent was given. Here, the state does not offer justification, or articulable suspicion, explaining the deputies' failure to return Campbell's driver's license before seeking and obtaining his consent to search.
On these facts, the trial court could conclude that, although the initial encounter and surrender of license for a warrant check may have been lawful, Campbell's continuing detention, by failing to return the license before seeking consent, amounts to a tainting of consent such that it was not voluntary. See Perko v. State, 874 So.2d 666 (Fla. 4th DCA 2004) (conviction reversed where consent to search vehicle obtained while officer in possession of driver's license while conducting warrant check); see also Barna v. State, 636 So.2d 571 (Fla. 4th DCA 1994). Recognizing the state's contention, with which we disagree, that this issue was resolved by the supreme court in Baez, and its importance to law enforcement, we certify the following question to the supreme court as one of great public importance:
IS AN OTHERWISE UNTAINTED CONSENT TO SEARCH VOLUNTARY WHEN THE CONSENT IS GIVEN WHILE A LAW ENFORCEMENT OFFICER, WITHOUT JUSTIFICATION, RETAINS POSSESSION OF DEFENDANT'S DRIVER'S LICENSE?
FARMER and MAY, JJ., concur.