COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Frank and McClanahan
Argued at Richmond, Virginia


RUSSELL MAURICE JONES

                                                MEMORANDUM OPINION[*] BY
v.        Record No. 0968-08-2               JUDGE ELIZABETH A. McCLANAHAN
                                                     APRIL 21, 2009
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                          Walter W. Stout, III, Judge

          Catherine S. Rusz, Assistant Public Defender, for appellant.

          Leah A. Darron, Senior Assistant Attorney General (Robert F.
          McDonnell, Attorney General, on brief), for appellee.


       Russell Maurice Jones appeals his conviction for operating a motor vehicle after having

been declared an habitual offender, subsequent offense.  He contends the trial court erred in

denying his motion to suppress the evidence of his habitual offender status and argues he was

seized in violation of the Fourth Amendment.  We affirm the trial court.

                                  I.  STANDARD OF REVIEW

       To prevail on appeal Jones bears the burden to "show that the trial court's denial of his

suppression motion, when the evidence is considered in the light most favorable to the prosecution,

was reversible error."  Whitfield v. Commonwealth, 265 Va. 358, 361, 576 S.E.2d 463, 464 (2003).

"The question whether the Fourth Amendment has been violated is always 'a question of fact to be

determined from all the circumstances.'"  Malbrough v. Commonwealth, 275 Va. 163, 168, 655

S.E.2d 1, 3 (2008) (quoting  Ohio v. Robinette, 519 U.S. 33, 40 (1996)) (citation omitted).

_____

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Although we review the trial court's application of the law *de novo*, <u>Kyer v. Commonwealth</u>, 45 Va. App. 473, 479, 612 S.E.2d 213, 216-17 (2005) (*en banc*), we defer to the trial court's findings of fact taking care "'both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers.'" <u>Malbrough</u>, 275 Va. at 169, 655 S.E.2d at 3 (quoting <u>Reittinger v. Commonwealth</u>, 260 Va. 232, 236, 532 S.E.2d 25, 27 (2000)) (citation omitted).

## II. BACKGROUND

Deputies Jeffrey Feighner and Tom Mannes were working as private security officers for Midlothian Village Apartments when they observed a four-door sedan parked in front of an apartment building at 2:15 a.m. Jones, the driver of the vehicle, and another male exited the vehicle, walked into the breezeway of an apartment building, then came back to the vehicle, opened its trunk, and looked through the trunk for twenty to thirty seconds before walking back to the apartment building. The deputies approached Jones and asked for identification. He had no identification but gave them his name and date of birth. When the deputies asked his reason for being there, Jones replied that his daughter was sick and it was an emergency. When the deputies asked what apartment Jones was visiting, he was unable to give them an apartment number or building number but vaguely pointed in the direction of one of the buildings. The deputies then asked Jones to accompany them to the rental office to complete paperwork barring him from the premises. After Jones agreed, they walked to the rental office, which was located fifty feet away. While Deputy Mannes began processing paperwork, Deputy Feighner called the sheriff's office to run a check on outstanding warrants and Jones' driving record. Upon learning his driver's license had been revoked, the deputies arrested Jones for operating a motor vehicle while being an habitual offender.

Jones filed a motion to suppress the evidence regarding his habitual offender status arguing he was seized in violation of the Fourth Amendment. The trial court denied the motion and a subsequent motion to reconsider, finding the encounter was consensual. Jones entered a conditional plea of guilty.

III. ANALYSIS

"Police officers are free to engage in consensual encounters with citizens, indeed, it is difficult to envision their ability to carry out their duties if that were not the case." Malbrough, 275 Va. at 169, 655 S.E.2d at 4. "Law enforcement officers do not violate the Fourth Amendment's prohibition of unreasonable seizures merely by approaching individuals on the street or in other public places and putting questions to them if they are willing to listen." United States v. Drayton, 536 U.S. 194, 200 (2002). "[A] consensual encounter does not require any justification," White v. Commonwealth, 267 Va. 96, 104, 591 S.E.2d 662, 666 (2004), and remains consensual "'as long as the citizen voluntarily cooperates with the police,'" Payne v. Commonwealth, 14 Va. App. 86, 88, 414 S.E.2d 869, 870 (1992) (quoting United States v. Wilson, 953 F.2d 116, 121 (4th Cir. 1991)).

Lawful consensual encounters are limited "to such encounters . . . in which a reasonable person would feel free to disregard the police and go about his business." Reittinger, 260 Va. at 236, 532 S.E.2d at 27 (quoting Florida v. Bostick, 501 U.S. 429, 434 (1991)) (internal citations and quotation marks omitted). The reasonable-person test "presupposes an *innocent* person," Bostick, 501 U.S. at 438 (emphasis in original), "rather than one laboring under a consciousness of guilt," Malbrough, 275 Va. at 169, 655 S.E.2d at 4. "The consensual encounter becomes a seizure '[o]nly when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen.'" Id. (quoting Bostick, 501 U.S. at 434).

Various factors have been identified as relevant in determining whether an officer "by means of physical force or show of authority" would cause a reasonable person to feel seized. United States v. Mendenhall, 446 U.S. 544, 553-54 (1980). These factors include the threatening presence of several officers, the display of weapons by officers, physical contact with the citizen, and an officer's language or tone of voice compelling compliance. Id.; see also Harris v. Commonwealth, 266 Va. 28, 32, 581 S.E.2d 206, 209 (2003), and Londono v. Commonwealth, 40 Va. App. 377, 398-99, 579 S.E.2d 641, 651 (2003) (citing Mendenhall, 446 U.S. at 554). "The decision whether the encounter was consensual must be made based on the totality of the circumstances." Harris, 266 Va. at 32, 581 S.E.2d at 209.

Concluding the encounter between Jones and the deputies was consensual, the trial court found that the deputies approached Jones with "no guns drawn" and engaged in "normal conversation." The trial court further found Jones was "cooperative" and there was "no evidence of any coercion or overbearing his will in any way." According to the trial court, "it took no time at all"[1] and "[Jones] consented to [go with them]." As the Supreme Court recently observed:

> There is good reason for the rule that appellate courts must defer to the factual findings of the trial judge in Fourth Amendment cases. The fact patterns in such cases arrive in infinite variety, seldom or never exactly duplicated. Moreover, they involve consideration of nuances such as tone of voice, facial expression, gestures and body language seldom discernable from a printed record. The controlling inquiry [in determining whether a person was seized] is the effect of such matters on a reasonable person in the light of all the surrounding circumstances.

Malbrough, 275 Va. at 171, 655 S.E.2d at 5.

According deference to the trial court, we cannot say its finding was plainly wrong or unsupported by the evidence. The record demonstrates "no application of force, no intimidating movement, no overwhelming show of force, no brandishing of weapons, no blocking of exits, no

---

[1] The encounter lasted approximately ten minutes from the time the deputies approached Jones to the time they arrested him.

threat, no command,[2] not even an authoritative tone of voice." Drayton, 536 U.S. at 204 (footnote added). Although the deputies were armed and wearing clothing identifying them as members of the sheriff's office, "mere presence of officers who are uniformed and armed does not constitute a 'show of authority' that transforms a consensual encounter into a seizure" under the Fourth Amendment. Dickerson v. Commonwealth, 266 Va. 14, 18, 581 S.E.2d 195, 197 (2003) (citation omitted). "That most law enforcement officers are armed is a fact well known to the public. The presence of a holstered firearm thus is unlikely to contribute to the coerciveness of the encounter absent active brandishing of the weapon." Drayton, 536 U.S. at 205.

Accordingly, because we find Jones did not carry his burden of showing the trial court committed reversible error, we affirm the trial court's judgment.[3]

Affirmed.

---

[2] Deputy Feighner testified that although Jones accompanied them to the rental office voluntarily, he would not have been free to leave had he tried. "An officer's subjective evaluation of the situation is not binding on this Court." McLellan v. Commonwealth, 37 Va. App. 144, 154, 554 S.E.2d 699, 703 (2001) (detective's subjective determination unexpressed to defendant that he was not free to leave irrelevant). Since Deputy Feighner never told Jones he was not free to leave, his subjective intent was irrelevant. Id.

[3] Although Jones also argues the deputies were not acting in a private capacity, given our holding, we need not reach that issue. We note, however, in its ruling on reconsideration of the motion to suppress, the trial court declined to determine whether the deputies were acting in a private capacity and the Commonwealth does not argue on appeal that the deputies *were* acting in a private capacity.