COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Elder and Frank
Argued at Chesapeake, Virginia


CHRISTOPHER MICHAEL HARDIN

v.        Record No. 0690-03-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE ROBERT P. FRANK
JULY 6, 2004


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Junius P. Fulton, III, Judge[1]

Christian L. Connell for appellant.

Richard B. Smith, Senior Assistant Attorney General (Jerry W.
Kilgore, Attorney General, on brief), for appellee.


Christopher Michael Hardin (appellant) was convicted of burglary, in violation of Code

§ 18.2-91, and misdemeanor destruction of private property, in violation of Code § 18.2-137, after

entry of his conditional guilty pleas.  On appeal, he argues the trial court erred in denying his motion

to suppress his confession, which he alleges was obtained in violation of his Fourth Amendment

rights.  Finding appellant was arrested without probable cause, we overturn the convictions.

Several plainclothes police officers chased appellant after seeing him in the vicinity of a

burglary call.  Although they yelled at him to stop and identified themselves as police officers,

appellant continued to run.  Eventually, the officers found appellant in the fenced-in backyard of a

private residence.  One officer pointed a gun at appellant, who then was handcuffed and taken to a

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The Honorable Junius P. Fulton accepted appellant's guilty pleas and entered the final
order.  The Honorable Marc Jacobson heard the suppression hearing and denied the motion to
suppress.

police cruiser. Before putting appellant in the backseat of the cruiser, one officer searched[2] him and found a toy gun in one pocket. The officers then transported appellant to the police station where he confessed to two burglaries.

Appellant filed a motion to suppress the confessions, as the product of an illegal arrest and, therefore, the fruit of the poisonous tree. At trial, the Commonwealth conceded that appellant was arrested prior to the officer's search of his pockets. The trial court found:

> Considering the totality of the circumstances, the totality of the evidence, there was probable cause at that juncture considering all that has occurred previously and considering the fact that the defendant fled from a person known to be a police officer and certainly during the chase knew that the police officers were chasing him.
>
> *    *    *    *    *    *    *
>
> You certainly have the right to search him, and he was certainly searched, and the record will bear that out. The Court is determining that there was probable cause to arrest him, and the Court is ruling that the motion to suppress is denied.

The standard of review for issues involving denial of a motion to suppress is well established.

> On appeal of the denial of a motion to suppress, we view the evidence in the light most favorable to the Commonwealth. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). "We are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them," McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (*en banc*), but we review *de novo* the trial court's application of legal standards such as reasonable suspicion to the particular facts of the case. See Ornelas v. United States, 517 U.S. 690, 699, 134 L. Ed. 2d 911, 116 S. Ct. 1657 (1996).

---

[2] The parties and witnesses at the hearing used the terms "pat-down" and "search" interchangeably. As the trial court found the officer conducted a search of appellant, and the Commonwealth framed the "threshold point" in the suppression hearing as "[e]ither we have probable cause to go forward and conduct a search or we don't," we will use the term "search" to describe how the toy gun was found in appellant's pocket.

McCracken v. Commonwealth, 39 Va. App. 254, 258, 572 S.E.2d 493, 495 (2002) (*en banc*).

On appeal, the Commonwealth argues the police had probable cause to arrest appellant based on his flight and the pat down that produced a "concealed weapon."[3] We find no evidence to support this contention.[4]

The Commonwealth conceded at trial that the police arrested appellant prior to the "pat-down" and that the officers needed probable cause to support their discovery of the "gun."[5] As discovery of the "gun" occurred after the conceded arrest of appellant, probable cause based on violation of the concealed weapon statute cannot justify the arrest of appellant, which occurred prior to discovery of the "gun." See Harris v. Commonwealth, 241 Va. 146, 155, 400

---

[3] This gun was not introduced into evidence at the suppression hearing, and no witness described the gun in any testimony. The officer who found the gun did not testify at the hearing.

[4] During oral argument, the Attorney General conceded the police did not have probable cause to arrest appellant for trespassing, a point argued on brief.

[5] The Commonwealth during the suppression hearing conceded that the officer needed probable cause to search appellant and that appellant was under arrest at that point. The Commonwealth did not argue to the trial court, as the Attorney General argues on appeal, that the officers first patted down appellant, as provided by Terry v. Ohio, 392 U.S. 1 (1968), felt a gun, and then went into the pocket to find the toy weapon. The trial court did not make a finding to support such an argument, and the officer who actually pulled the toy gun out of appellant's pocket did not testify at the hearing. As this argument was not presented to the trial court, we cannot find that the trial court made the correct ruling, but for the wrong reasons. See Driscoll v. Commonwealth, 14 Va. App. 449, 452, 417 S.E.2d 312, 313 (1992) ("An appellate court may affirm the judgment of a trial court when it has reached the right result for the wrong reason. . . . The rule does not always apply. It may not be used if the correct reason for affirming the trial court was not raised in any manner at trial."). Here, the Commonwealth conceded during argument on the suppression motion that the "correct reason" did not apply to the facts of this case, i.e., the prosecutor agreed that the only proper justification for the detention of appellant was probable cause. The trial court was asked not to consider reasonable suspicion as a justification for the detention and "pat-down" of appellant. Therefore, we will not consider reasonable suspicion as a justification on appeal. To rule otherwise would allow a party to concede issues based on incorrect analysis of the situation, only to raise the appropriate issue on appeal. We will not condone this type of approbate and reprobate with the decisions of trial courts. See Powell v. Commonwealth, 267 Va. 107, 144, 590 S.E.2d 537, 560 (2004); Luck v. Commonwealth, 30 Va. App. 36, 45-46, 515 S.E.2d 325, 329 (1999).

S.E.2d 191, 196 (1991) ("'As we have had occasion in the past to observe, "[it] is axiomatic that an incident search may not precede an arrest and serve as part of its justification."'" (quoting Smith v. Ohio, 494 U.S. 541, 543 (1990))).  The only justification offered for the arrest was the presence of a "gun," hidden in appellant's pocket.

As the officers did not have probable cause to arrest appellant, the trial court erred in denying appellant's motion to suppress.  We, therefore, reverse the convictions and remand for a new trial, if the Commonwealth be so inclined.

Reversed and remanded.